## S92A0222. VANCE v. THE STATE.
(416 SE2d 516)

SEARS-COLLINS, Justice.

Randy Edward Vance was convicted by a jury of one count of malice murder and one count of cruelty to children following the death of his girl friend's 21-month-old son. The child died as the result of loss of blood from an internal organ ruptured by blunt trauma to the abdomen. Numerous other injuries were found on the child's body, including hemorrhaging inside his skull and around his brain, bruises on his arms and torso, and a tear in his anus consistent with the forceful insertion of a large foreign object.

Vance appeals his conviction and the sentences of life imprisonment for murder and 20 years to serve for cruelty to children.[1] We

---

[5] Those enumerations include challenges to the constitutionality of § 9-11-9.1.

[1] The crimes were committed on June 19, 1989. Vance was indicted on February 9, 1990, by a Long County grand jury. He was tried between April 2 and 4, 1990, and sentenced on April 4, 1990. Vance filed a motion for new trial on April 27, 1990, which was amended on September 5, 1991, and was denied on September 30, 1991. Vance filed his notice of appeal on October 8, 1991. The appeal was docketed in this court on November 14, 1991, and sub-

affirm.

1. Vance contends that the trial court erred in failing to grant his motion for a mistrial after the state asserted in its closing argument that the life of the couple's other child might be in danger if Vance were acquitted. Vance argues that this statement was prejudicial, had no basis in the evidence, and invited the jury to abandon their investigation of guilt or innocence and adopt the role of guardian for the younger child.

We disagree.

"[T]he state is permitted to argue that a defendant's probable future behavior 'indicates a need for the most effective means of incapacitation. . . .'" *Spencer v. State*, 260 Ga. 640, 653 (398 SE2d 179) (1990) (death penalty sought as most effective means of incapacitation). "Arguments addressing [future dangerousness] are not improper if based on evidence adduced at trial." *Ross v. State*, 254 Ga. 22, 34 (326 SE2d 194) (1985); *Hicks v. State*, 256 Ga. 715, 730 (352 SE2d 762) (1987). We find the state's arguments regarding Vance's possible future behavior were permissible based on evidence that Vance caused the deceased child's death, and that the victim's mother had since given birth to another child fathered by Vance, had married Vance, and did not acknowledge any culpability whatsoever on the part of Vance in the victim's death.

2. In his second enumeration of error, Vance contends that the trial court erred by instructing the jury that "moral and reasonable certainty is all that can be required in a legal investigation."[2] Vance argues that the charge permitted the jury to convict on a lesser standard than "beyond a reasonable doubt," which is the standard of proof for conviction of a crime set forth in OCGA § 16-1-5.[3]

We find that the court's charge as a whole repeatedly and accurately conveyed to the jury the concept of reasonable doubt.[4] In light

---

mitted without oral argument on December 27, 1991.

[2] This language appears in OCGA § 24-4-3, which reads in full as follows:
Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases a preponderance of evidence is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty.

[3] OCGA § 16-1-5 states that "[n]o person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt."

[4] The trial judge gave the following charge regarding burden of proof, which is substantially the same as that recommended by the Council of Superior Court Judges of Georgia in the Suggested Pattern Jury Instructions (July 1991):
[T]his defendant is presumed to be innocent until proven guilty. The defendant enters upon the trial of the case with a presumption of innocence in his favor. This presumption surrounds him and protects him until it is overcome by the State with evidence which is sufficient to convince you *beyond a reasonable doubt* as to the guilt of the accused. No person shall be convicted of any crime unless and until each element of the crime is proven *beyond a reasonable doubt* and to a moral and rea-

of the overwhelming evidence against the defendant, the use of the words "moral and reasonable certainty" created no reversible error when "considered in the context of the charge as a whole."[5] *Francis v. Franklin*, 471 U. S. 307, 315 (105 SC 1965, 85 LE2d 344) (1985).

3. Finally, we find that the evidence presented at the trial was sufficient to permit a rational trier of fact to find Vance guilty of malice murder and cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1992.

*Michael C. Garrett*, for appellant.
*Dupont K. Cheney, District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers, Staff Attorney*, for appellee.

---

sonable certainty.

The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged *beyond a reasonable doubt*. There is no burden of proof upon the defendant whatever and the burden never shifts to the defendant to prove his innocence. However, the State is not required to prove the guilt of the defendant beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation.

A reasonable doubt means just what it says. It is the doubt of a fair minded, impartial juror honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary notion but is a doubt for which a reason can be given, arising from a consideration of the evidence, the lack of evidence, a conflict in the evidence, or a combination of these. If, after giving consideration to all the facts and circumstances of this case, your minds are wavering, unsettled and unsatisfied, then that is the doubt of the law and you should acquit the defendant. But if that doubt does not exist in your minds as to the defendant's guilt, then you would be authorized to convict him. If the State fails to prove the defendant's guilt *beyond a reasonable doubt*, it will be your duty to acquit the defendant. (Emphasis supplied.)

[5] While the charge does not create reversible error, we note that the better charge would not include the unnecessary phrase "moral and reasonable certainty." What is perceived as "moral" may differ from group to group, from class to class, and from individual to individual. This diversity renders any precise definition of "moral certainty" elusive, and any uniformity of interpretation by jurors unlikely. Further, because the term "reasonable" is inherently equivocal, it is conceivable that a juror could be reasonably certain of an element of a crime, and at the same time harbor a reasonable doubt as to that element. Hence, a juror who heard the phrase "reasonable certainty" might apply a lesser standard of proof than guilt *beyond* a reasonable doubt. Given the entirety of the charge and the compelling evidence in this case, however, we reiterate that no reversible error is present.