S92A1510. HICKS v. THE STATE.

(425 SE2d 877)

HUNSTEIN, Justice.

The appellant and a co-defendant, Lamar Leary, were jointly convicted of felony murder, based on evidence that they shot and killed Henry Jackson.[1] The appellant brings this appeal from the denial of his motion for new trial.

1. The appellant enumerates as error the failure of the trial court to sever his trial from that of Leary, arguing that severance was mandated by the prejudice that would arise from testimony disclosing his co-defendant's "confession" to a witness. See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). In *Brown v.*

---

[1] The crime occurred on September 14, 1988. The appellant was indicted on November 1, 1988. A jury found him guilty on March 20, 1989, and the appellant was sentenced on that same day. Appellant's amended motion for new trial, filed April 24, 1992, was denied on April 29, 1992. The appellant's notice of appeal was filed on May 27, 1992, and the appeal was docketed in this Court on September 9, 1992. The appeal was submitted for decision without oral argument on November 27, 1992.

*State,* 262 Ga. 223, 225 (416 SE2d 508) (1992), we found that a *Bruton* violation did not occur where the

> incriminating statements were made shortly after the crime occurred, were made prior to arrest, and were non-custodial statements made to acquaintances . . . rather than to police officers [and] . . . the requirements of OCGA § 24-3-5 have been met.

Because the circumstances are the same as in *Brown v. State,* supra, we hold that the trial court did not manifestly abuse its discretion in refusing to grant a severance. See *Leary v. State,* 260 Ga. 730 (2) (399 SE2d 63) (1991).

2. The appellant contends that the trial court erred in refusing to declare a mistrial based on "prosecutorial misconduct." However, the transcript reveals that counsel actually sought a dismissal with prejudice which he referred to as a motion for mistrial, and that when the trial court refused, he withdrew his motion. Accordingly, these enumerations present nothing for review.

3. The appellant's remaining enumeration of error is directed to the court's charge concerning reasonable doubt in which it referenced "reasonable and moral certainty." We find no error. Although the better charge would not include that phrase, we held in *Vance v. State,* 262 Ga. 236 (2) (416 SE2d 516) (1992) that a similar instruction "created no reversible error when 'considered in the context of the charge as a whole.' [Cit.]"

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED FEBRUARY 18, 1993.

*Thomas, Kennedy, Sampson & Patterson, Paul L. Howard, Jr., Richard A. Grossman,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.