## A92A2132. OLIVER v. THE STATE.
(428 SE2d 681)

COOPER, Judge.

Appellant was convicted by a jury of criminal trespass and robbery.

Appellant and the victim lived together. However, prior to the incidents at issue in this case, the victim kicked appellant out of their apartment, and appellant had no keys. On the day in question, appellant entered through a window, took some items, and left. He returned that same night and started hitting the victim. A friend who was with the victim when appellant arrived went to call the police. Appellant then left, taking with him the victim's purse. Appellant returned the purse the next day, but some items were missing from it. Appellant was charged with burglary and robbery but was convicted of the lesser included offense of criminal trespass and robbery.

1. In three enumerations of error, appellant argues that the trial court erred in allowing the state to present evidence of prior difficulties between appellant and the victim without the hearing and specific showings and determinations required under *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). We agree. "[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. . . . After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." Id. at 642. The three affirmative showings required are that the state seeks to introduce the evidence for a proper purpose, that there is sufficient evidence to establish that the accused actually committed the independent offense or act, and that "there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." Id. Moreover, the trial court's determination that these three showings have been made must be a part of the record. Id. at n. 3.

Relying on *Thomas v. State*, 199 Ga. App. 49 (2) (404 SE2d 315) (1991), the state argued and the trial court apparently concluded that the *Williams* requirements did not apply to evidence of prior difficulties between the victim and the accused. However, the relevant holding of *Thomas* has been abrogated by *Maxwell v. State*, 262 Ga. 73 (2) (414 SE2d 470) (1992), in which the Supreme Court held that the requirements set forth in *Williams* for independent offenses or acts apply equally to prior difficulties or quarrels between the victim and the accused. The trial court therefore erred in allowing evidence of

prior difficulties without making the necessary determinations, and appellant's conviction must be reversed.

2. Appellant further contends that the trial court erred in instructing the jury that "moral and reasonable certainty is all that can be expected in a legal investigation" because it might suggest that a lesser standard of proof than guilt beyond a reasonable doubt is required. Viewing the charge as a whole, we conclude the trial court did not commit reversible error because its charge accurately conveyed to the jury the applicability and meaning of the beyond a reasonable doubt standard. See *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992). However, we note that in footnote 5 of *Vance*, the Supreme Court describes the " 'moral and reasonable certainty' " language as unnecessary, unhelpful, and possibly misleading, and indicates that it should not be used in the future. Id. at 238, n. 5.

3. In his fifth enumeration of error, appellant challenges the trial court's failure to charge the jury on the law of circumstantial evidence. The Supreme Court has recently clarified the law in this area: "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." *Robinson v. State*, 261 Ga. 698, 699-700 (410 SE2d 116) (1991). In light of this clarification, we are confident that the trial court's error in failing to charge on the law of circumstantial evidence, if any, will not recur.

4. Appellant also contends that the trial court should have granted his request to voir dire prospective jurors in panels of 12 in the jury box. We agree. See OCGA § 15-12-131; *Mathis v. State*, 176 Ga. App. 362 (336 SE2d 299) (1985). As appellant's conviction already must be reversed, we need not address whether this error was harmless.

5. Appellant's remaining enumerations of error are unlikely to be repeated on retrial.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 9, 1993.

*Maria T. Gonzalez*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney*, for appellee.