## S93A0880. MARION v. THE STATE.
### (434 SE2d 463)

CLARKE, Chief Justice.

Kawannish Marion was convicted of the malice murder, felony murder and aggravated assault of Alex Barber. The trial court merged the defendant's conviction for aggravated assault into the felony murder conviction, and merged the felony murder conviction into the malice murder conviction. The court then sentenced the defendant to life imprisonment.[1]

The jury was authorized to conclude from the evidence presented at trial that the defendant was jealous of the victim's relationship with Patrina Cade, whom the defendant had previously dated. The defendant forcibly took the keys to Cade's apartment from Cade's roommate, and entered the apartment after observing Cade and the victim go in. When Cade demanded that the defendant return the keys, the defendant kicked open the bedroom door and confronted the victim. The defendant and victim quarrelled, and the defendant left the apartment, returning with a gun. The defendant kicked his way into the locked apartment and fired two shots at the victim, who was unarmed. One shot struck and killed the victim.

1. Based on this evidence, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC

---

[1] The crime occurred on December 11, 1990, and the defendant was tried April 12-16, 1992. This delay is attributable to the fact that the defendant fled the crime scene and was not arrested until 11 months later. The jury returned its verdict on April 16, and the trial court sentenced the defendant that same day. The defendant filed a motion for new trial on May 15, 1992 which he amended on February 3, 1993. The trial court denied the motion on February 11, 1993, and the defendant filed his notice of appeal that day. The case was submitted to this court on briefs on April 30, 1993.

2781, 61 LE2d 560) (1979).

2. The trial court charged the jury that "moral and reasonable certainty is all that can be required in a legal investigation." The defendant argues this charge permitted the jury to convict him on a standard of proof which is less than the standard of "beyond a reasonable doubt." While we have stated that the better practice is to omit this phrase from the jury charge, we have held it not to be reversible error when considered in the context of a correct charge on reasonable doubt. *Hicks v. State*, 262 Ga. 756 (3) (425 SE2d 877) (1993); *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1993). As the trial court gave a full and accurate charge on reasonable doubt, we find no reversible error.

3. The defendant also argues that the trial court's charge "should you believe from the evidence as a whole that the defendant is guilty beyond a reasonable doubt, *it would be your duty to convict*," denies the jury the power to acquit the defendant. In *Sutton v. State*, 262 Ga. 181 (415 SE2d 627) (1992), this court disapproved an instruction suggesting that the jury has a *duty* to convict, holding that the better practice is to inform the jurors that they are *authorized* to convict. The trial court in this case consistently followed *Sutton* with the exception on which the defendant relies. Under these circumstances, we find no reversible error.

4. We find it unnecessary to determine whether the trial court's charge fell within the prohibited ambit of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), because we have held that if the defendant is convicted of malice murder, any error associated with the giving of the sequential charge disapproved in *Edge* is harmless. *McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993).

*Judgment affirmed. All the Justices concur, except Sears-Collins, J., not participating.*

DECIDED SEPTEMBER 20, 1993.

*Richard A. Grossman*, for appellant.

*Lewis R. Slaton, District Attorney, Ronnie E. Dixon, Vivian D. Hoard, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Assistant Attorney General*, for appellee.