## A94A1175. LLOYD v. THE STATE.
### (448 SE2d 729)

BEASLEY, Presiding Judge.

Appellant Lloyd was convicted of armed robbery (OCGA § 16-8-41), giving a false name to a law enforcement officer (OCGA § 16-10-25), and use of a license plate to conceal the identity of a vehicle (OCGA § 40-2-7). He appeals his convictions and the trial court's denial of his amended motion for new trial.

The victim Stanley testified that at approximately 11:15 p.m., he was accosted in the parking lot of his apartment complex by Lloyd and co-defendant Reeves, whom he had observed milling around in a

suspicious manner. After Lloyd displayed a gun, the men instructed Stanley to turn around. They asked for his wallet and he gave it to them, but it contained only a few dollars and some credit cards. They then asked about his car, but when his fiancee exited his apartment and closed the door, they were startled and fled. Stanley returned to his apartment and called the police.

A radio bulletin was relayed to Officer Jones, who was at a Quik Trip near the victim's apartment complex. He proceeded to the only exit from the apartment complex and intercepted the two men as they were driving away. Jones activated his blue lights, but Lloyd, who was driving the car, sped away. He and Reeves began to remove outer clothing and throw it on the floorboard and out of the car. Reeves also threw Lloyd's gun and Stanley's wallet out. After making several turns in the car, they drove into the Quik Trip parking lot, where their car was blocked by another police car. Lloyd gave Officer Jones a false name, and the tag on the car he was driving had been stolen by him earlier that day. Stanley was summoned to the scene and positively identified both suspects.

Reeves and Lloyd testified that they were at Stanley's apartment complex retrieving a television set from a dumpster when he drove by and made racial remarks to them. They maintained that they later saw him while they were driving through the parking lot and decided to confront him. Reeves testified that he got out of the car first; that to scare Stanley, he showed him a gun owned by Lloyd; that Lloyd exited the car and began arguing with Stanley; and that he, Reeves, then reentered the car. Lloyd testified that he keeps the gun used by Reeves in his glove compartment because he is entrusted with money by his employer, who has been robbed. According to Lloyd, he continued arguing with Stanley after Reeves returned to the car, and he ended up with Stanley's wallet because it was in a tote bag he grabbed, thinking Stanley might have been trying to retrieve a gun from it.

Stanley testified in rebuttal that he had not made any racial remarks to Lloyd and Reeves and that he had never seen them before they robbed him.

1. The trial court is faulted for instructing the jury on reasonable doubt by adding the language "moral and reasonable certainty," on the ground it confused or reduced the burden of proof. The trial court's charge on burden of proof and reasonable doubt was that recommended by the Council of Superior Court Judges of Georgia in the Suggested Pattern Jury Instructions (July 1991). See *Franklin v. State*, 245 Ga. 141, 153, n. 10 (263 SE2d 666) (1980). See also *Scoggins v. State*, 156 Ga. App. 652, 654 (5) (275 SE2d 676) (1980); *Starr v. State*, 201 Ga. App. 73 (1) (410 SE2d 180) (1991).

It is the precise charge reviewed in *Vance v. State*, 262 Ga. 236,

237 (2) (416 SE2d 516) (1992), and recited in footnote 4. In that case, the Court concluded that in the context of the charge as a whole, and in light of the overwhelming evidence, the use of the statutory language from OCGA § 24-4-3 did not reduce the standard of proof required by OCGA § 16-1-5. The Court cautioned that the "better charge" would exclude this language, supra at 238, n. 5. In *Hicks v. State*, 262 Ga. 756, 757 (3) (425 SE2d 877) (1993) and *Marion v. State*, 263 Ga. 358, 359 (2) (434 SE2d 463) (1993), the Court held that it did not lessen the burden where there was a correct charge on reasonable doubt. These were not cases of overwhelming evidence of guilt, so that condition has been removed from the equation.

The Georgia Supreme Court did not make "a plain statement" as to whether it was testing the challenged language against the requirements of the state constitution or the federal constitution, as asserted here, or some other measurement such as OCGA § 24-4-5, or whether all held to the same standard. See *Michigan v. Long*, 463 U. S. 1032, 1040-1042 (103 SC 3469, 77 LE2d 1201) (1983).[1] *Vance* did apply the analytical principle, utilized in the federal constitutional case of *Francis v. Franklin*, 471 U. S. 307, 315 (105 SC 1965, 85 LE2d 344) (1985), that requires consideration of potentially offending words in the context of the charge as a whole. *Franklin* found the language complained of in that case to be burden-*shifting*. Here and in *Vance*, it is claimed that certain language *reduced* the burden. Of course, the same analytical principle is appropriate, and it was applied in the other two cases as well.

If the Georgia Supreme Court had viewed the language as allowing a burden-reducing standard of proof, then under the federal constitution it would have had to reverse the conviction even, as in the *Vance* case, in the face of overwhelming evidence of guilt. *Sullivan v. Louisiana*, 508 U. S. ___ (113 SC 2078, 124 LE2d 182) (1993). *Francis* had expressly not resolved whether an erroneous charge that shifts a burden of persuasion to the defendant on an essential element of an offense can ever be harmless. Id. at 325.

Even if the state constitutional question is not foreclosed by the three Georgia Supreme Court cases, we do not reach it because it is not briefed by appellant. He merely invokes fourteen paragraphs of the state Bill of Rights, and in particular four paragraphs, and urges us to take a more expansive view than is accorded the federal Bill of Rights by the United States Supreme Court. The absence of any analysis or argument or authority in support of this claim fails to properly

---

[1] The same is true of our recent cases on the subject: *Ruff v. State*, 212 Ga. App. 245 (1) (441 SE2d 534) (1994); *McDonald v. State*, 210 Ga. App. 689, 692 (5) (436 SE2d 811) (1993); *Daniels v. State*, 207 Ga. App. 689, 692 (5) (428 SE2d 820) (1993); *Oliver v. State*, 207 Ga. App. 681, 682 (2) (428 SE2d 681) (1993).

present the issue. See *Merriman v. State*, 201 Ga. App. 817, 818 (412 SE2d 598) (1991); *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988), and cit. We will not decide such an issue without substantive briefing by the party who raises it.

This brings us to the federal constitutional issue, which was alluded to in *McDonald v. State*, supra. It referred to cases which were pending in the United States Supreme Court and have recently been decided. We turn to them.

In *Victor v. Nebraska* and *Sandoval v. California*, 511 U. S. \_\_\_\_ (114 SC \_\_\_\_, 127 LE2d 583) (1994) (cited as *Victor v. Nebraska*), the Supreme Court, distinguishing *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990), rejected constitutional challenges to jury instructions on reasonable doubt containing "moral certainty" language. However, the Court did disapprove the use of this language, as did our Supreme Court in the three recent cases referred to above.

In *Victor* and *Sandoval*, the Court undertook an etymological review of the phrase "moral certainty," which the Court found is related to the concept of "moral evidence." 127 LE2d at 593-594. In sum, the court explained that seventeenth and eighteenth century philosophers and historians divided evidence into two species — demonstrative and moral. Demonstrative evidence has for its subject abstract truths which exist only in the world of the ethereal; such truths are immutable and thus not subject to challenge. Moral evidence has for its subject truths which take place among things actually existing; such truths are subject to challenge. Matters of fact in the ordinary affairs of life are proved by moral evidence. The phrase "moral certainty" is the highest degree of certitude based on such evidence. Historically, proof beyond a reasonable doubt has been equated with proof to a moral certainty, as distinguished from an absolute certainty.

*Victor* and *Sandoval* identify two problems with modern-day use of the phrase "moral certainty." The first is that contemporary dictionaries define moral certainty in terms of probability, such as a strong probability. Id. at 595. Thus, moral certainty might be understood by modern jurors to mean a standard of proof lower than beyond a reasonable doubt. The second is that a juror might be convinced to a moral certainty that the defendant is guilty even though the government has failed to *prove* his guilt beyond a reasonable doubt. Id. at 596.

Therefore, where a trial court has used the phrase "moral certainty" in defining the concept of reasonable doubt, an appellate court must look to the surrounding portions of the charge to determine whether there is a reasonable likelihood that the jury could have interpreted the instruction, when viewed as a whole, to allow a conviction on proof that does not meet the standard of "beyond a reasona-

ble doubt" or on factors other than the government's proof. Id. at 591-592; *Estelle v. McGuire*, 502 U. S. ____ (112 SC 475, 116 LE2d 385, 399) (1991).

In *Cage*, the trial court equated reasonable doubt with "grave uncertainty" and an "actual substantial doubt," and it stated that what was required was "not an absolute or mathematical certainty, but a moral certainty." The Supreme Court held that the words "substantial" and "grave," as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. The Court thus concluded that when those statements are considered with the reference to "moral certainty," rather than evidentiary certainty, a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause. (As we recognized in *Ruff v. State*, 212 Ga. App. at 246 (2), supra, the United States Supreme Court in *Estelle v. McGuire*, supra, subsequently held that the correct inquiry is whether there is a "reasonable likelihood" that the jury applied the instruction in a constitutionally impermissible manner, not whether a reasonable juror could have so interpreted it; in *Sullivan v. Louisiana*, supra, the question whether a charge "essentially identical" to that given in *Cage* was reasonably likely to have been unconstitutionally applied was not considered since it was not previously argued.)

In *Sandoval*, the trial court defined reasonable doubt as a doubt not permitting " 'an abiding conviction, *to a moral certainty*, of the truth of the charge.' " 127 LE2d at 592. In this respect, the charge in *Victor* was virtually identical. Id. at 598. An instruction cast in terms of an abiding conviction as to guilt correctly states the government's burden of proof. Id. at 596. Primarily for this reason, the Court held that there was no reasonable likelihood that the jurors in *Sandoval* or *Victor* understood the reference to moral certainty to allow conviction on a standard of proof lower than due process requires. Id. at 597, 600. Secondly, because the jury was instructed in both cases to base their determination of the issues on the evidence, the Court held that there was no reasonable likelihood that the jurors understood the reference to moral certainty to allow conviction on factors other than the government's proof. Id. at 597, 600.

Lloyd's jury was instructed that proof to a moral and reasonable certainty constitutes a standard which the state must meet in addition to the standard of beyond a reasonable doubt, as opposed to the standards of beyond all doubt or to a mathematical certainty, which the state is not required to meet.[2] In defining reasonable doubt, the

---

[2] The precise language objected to is as follows: "No person shall be convicted of any

court did not equate it with anything else, but rather stated in essence that it is a doubt based on reason and arising from evidentiary considerations. The court instructed the jury that it was its duty to acquit if the state failed to prove guilt beyond a reasonable doubt. The court repeated the "beyond a reasonable doubt" standard many times throughout its charge and never again mentioned "moral certainty."

We conclude that there is not a reasonable likelihood that the jury could have interpreted the court's references to moral certainty to allow conviction on proof not meeting the standard of beyond a reasonable doubt or on factors other than the government's proof. Nevertheless, to remove the issue from further arising, the terminology should not be used in jury instructions.

2. We have reviewed the remaining enumerations and find none of them to constitute reversible error. As to the enumeration that counsel was ineffective because he failed to preserve the right to object to jury charges, none of the charges or omissions to charge now complained of would constitute reversible error, so appellant can show no harm from counsel's failure. The court was not required to instruct the jury that an individual determination of guilt must be made as to each defendant, since the evidence against the defendants was identical. See *Jones v. State*, 207 Ga. App. 46, 48 (3) (427 SE2d 40) (1993). Deficient representation alone is not enough; prejudicial error resulting must also be shown. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *McCollum v. State*, 201 Ga. App. 493, 494 (2) (411 SE2d 328) (1991).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 2, 1994.

*Mary E. Erickson,* for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Thomas W. Weathers III, Assistant District Attorneys,* for appellee.

---

crime unless and until each element of the crime is proven beyond a reasonable doubt and to a moral and reasonable certainty. . . . Moral and reasonable certainty is all that can be expected in a legal investigation."