## S94A0713. BALDWIN v. THE STATE.
(449 SE2d 853)

CARLEY, Justice.

Appellant was convicted of malice murder and possession of a firearm by a convicted felon. His motion for new trial was denied and he appeals.[1]

1. With regard to the State's burden of proof, the trial court gave the following charge:

Now, this defendant is presumed to be innocent until proven guilty. A defendant enters upon the trial of a case with a presumption of innocence in his favor. This presumption of innocence remains with the defendant until it is overcome by the state with evidence which is sufficient to convince you beyond a reasonable doubt that the defendant is guilty of the offense or the offenses charged. No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt. The burden of proof rests upon the state to prove every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt. There is no burden of proof upon the defendant whatever, and the burden never shifts to the defendant to prove his innocence. However, the state is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty. *Reasonable certainty is all that can be expected in a legal investigation.* A reasonable doubt means just what it says. It is the doubt of a fair-minded, impartial juror, honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt. It is a doubt for which a reason can be given arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, or a combination of these. After you consider all the facts and circumstances of this case, if your minds are wavering, unsettled, unsatisfied, then that is a doubt of the law and you should acquit the defendant. If that doubt as to the guilt of the accused does not exist in your minds, then you would be authorized to convict him. If the state fails to prove the defendant's guilt beyond a reasonable doubt, it is your duty

---

[1] The crime was committed on April 26, 1992. Appellant was indicted on November 10, 1992, tried on March 1-3, 1993, and sentenced on March 3, 1993. His motion for new trial was filed on April 2, 1993 and denied on July 26, 1993. The trial court granted appellant's motion for an out-of-time appeal on January 4, 1994, and he filed his notice of appeal on January 24, 1994. The appeal was docketed in this court on February 14, 1994, and submitted for decision on April 11, 1994.

to acquit him.

(Emphasis supplied.)

Appellant urges that, by instructing the jury that "[r]easonable certainty is all that can be expected in a legal investigation," the trial court impermissibly reduced the State's burden of proof and allowed the jury to convict him on a lesser standard than "beyond a reasonable doubt." However, we have held that use of the phrase "moral and reasonable certainty" does not constitute reversible error when it appears in the context of a charge which "as a whole repeatedly and accurately conveyed to the jury the concept of reasonable doubt." *Vance v. State*, 262 Ga. 236, 237 (2) (416 SE2d 516) (1992). See also *Hicks v. State*, 262 Ga. 756, 757 (3) (425 SE2d 877) (1993); *Marion v. State*, 263 Ga. 358, 359 (2) (434 SE2d 463) (1993).

Appellant urges that this analysis can no longer be applied and he cites *Sullivan v. Louisiana*, 508 U. S. ____ (113 SC 2078, 124 LE2d 182) (1993) for this proposition. However, all that *Sullivan* holds is that a *constitutionally deficient* reasonable doubt instruction cannot be *harmless error*. We are cited to no decision holding that, through inclusion of the phrase "reasonable certainty," an instruction is rendered constitutionally deficient and reversible error even though the concept of reasonable doubt otherwise is conveyed repeatedly and accurately to the jury. Indeed, we have held that, where the jury is charged properly on the definition of "reasonable doubt," the use of the phrase "moral and reasonable certainty" is not constitutionally deficient. *Brown v. State*, 264 Ga. 48, 50 (3) (a) (441 SE2d 235) (1994). See also *Davis v. State*, 213 Ga. App. 113, 114 (1) (443 SE2d 638) (1994). Similarly, the Supreme Court of the United States has held that a reference to "moral certainty" does not render an instruction constitutionally deficient and reversible error where, taken as a whole, the instructions otherwise correctly convey the concept of reasonable doubt to the jury. *Victor v. Nebraska*, 511 U. S. ____ (114 SC 1239, 127 LE2d 583) (1994). See also *Lloyd v. State*, 214 Ga. App. 564, 569 (1) (448 SE2d 729) (1994).

The phrase at issue in the instant case is not a "moral and reasonable certainty," but a "reasonable certainty." However, like the phrase "moral certainty," (*Victor v. Nebraska*, supra at 1245 (II) (A); *Lloyd v. State*, supra at 567), the phrase "reasonable certainty" has historically been used to describe the evidence necessary to establish proof beyond a reasonable doubt. *Hattaway v. Dickens*, 163 Ga. 755 (2) (a) (137 SE 57) (1926). Even if "reasonable certainty," standing alone, might not be recognized by modern jurors as a synonym for proof beyond a reasonable doubt, "it does not necessarily follow that the instruction is unconstitutional." *Victor v. Nebraska*, supra at

[T]he proper inquiry is not whether the instruction "could have" been applied in unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it. [Cit.]

(Emphasis in original.) *Victor v. Nebraska,* supra at 1243 (I). We find no reasonable likelihood that the jury interpreted the trial court's reference to reasonable certainty as allowing a conviction on evidence meeting a lesser standard of proof than that of beyond a reasonable doubt. See *Victor v. Nebraska,* supra at 1251 (IV); *Lloyd v. State,* supra at 569 (1).

2. The evidence was sufficient to allow a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant's remaining enumerations of error have been considered and are found to be without merit.

*Judgment affirmed. All the Justices concur, except Sears and Thompson, JJ., who concur in part and dissent in part.*

SEARS, Justice, concurring in part and dissenting in part.

I disagree with Division 1 of the majority opinion. While the United States Supreme Court has approved use of the phrase "moral certainty" in a burden-of-proof charge, *Victor v. Nebraska,* 511 U. S. ____ (114 SC 1239, 127 LE2d 583) (1994), the trial court in this case did not say "moral certainty," or even "moral and reasonable certainty." Rather, in this case the trial court told the jurors simply that "reasonable certainty is all that can be expected in a legal investigation."

A "reasonable certainty" is not the equivalent of a belief "beyond a reasonable doubt." As we held in *Vance v. State,* 262 Ga. 236 (416 SE2d 516) (1992),

because the term "reasonable" is inherently equivocal, it is conceivable that a juror could be *reasonably certain* of an element of a crime, and at the same time harbor a *reasonable doubt* as to that element. Hence, a juror who heard the phrase "reasonable certainty" might apply a lesser standard of proof than guilt beyond a reasonable doubt.

(Emphasis supplied.) Id. at 238, n. 5.

In approving use of the phrase "moral certainty" in *Victor,* the Supreme Court relied on the etymology of the phrase. The Court found that "moral certainty" stems from the phrase "moral evidence" which, while "not a mainstay of the modern lexicon," has historically been used in contrast to "demonstrative evidence" to describe the ev-

idence necessary to establish proof beyond a reasonable doubt. *Victor*, 114 SC at 1246. See also *Lloyd v. State*, 214 Ga. App. 564 (448 SE2d 729) (1994). The Supreme Court also relied on the remainder of the sentence in which the trial court used "moral certainty," which expressly equated "moral certainty" with an "abiding conviction." Id. at 1247.

In this case, the same analysis cannot apply. The phrase "reasonable certainty" lacks the history and connotations of "moral certainty," and, while the charge explained "reasonable doubt" in several places, it gave no qualifying definition of "reasonable certainty." To the contrary, in this charge the phrase "reasonable certainty is all that can be expected in a legal investigation" is a distinct, separate sentence, and represents the only attempt by the trial court to define the state's burden of proof in positive terms. The majority's reliance on *Hattaway v. Dickens*, 163 Ga. 755 (137 SE 57) (1926), for a contrary holding is misplaced, as that case involves the burden of proof necessary to establish a parol contract for the sale of land in a civil case, not the state's burden of proof in a criminal jury trial as established by the Fifth Amendment to the United States Constitution. See *Sullivan v. Louisiana*, 508 U. S. _____ (113 SC 2078, 124 LE2d 182) (1993). For these reasons, the phrase "reasonable certainty is all that can be expected in a legal investigation" does not accurately define the state's burden of proof and its use was error.

The effect of error in a burden-of-proof charge was examined by the United States Supreme Court in *Sullivan v. Louisiana*, 113 SC at 2078. In *Sullivan*, the Court held that whether a constitutional error may be considered harmless depends upon the effect of the error on the guilty verdict reached by the jury in the case at hand. Id. at 2081. In this regard, where error has occurred in the charge defining the beyond-a-reasonable-doubt standard, there can be *"no jury verdict within the meaning of the Sixth Amendment."* (Emphasis supplied.) Id. at 2082. Since no verdict has been rendered in such a case, held the Court in *Sullivan*, it is meaningless to consider whether the "same" verdict would have been rendered absent an error, and, consequently, such an error is not susceptible to a harmless-error review. Therefore, pursuant to *Sullivan*, the error in this case is not subject to a harmless-error analysis, and requires reversal.

I am authorized to state that Justice Thompson joins in dissenting to Division 1 of the majority opinion. I concur in Divisions 2 and 3 of the majority opinion.

DECIDED NOVEMBER 28, 1994.

*Garland & Samuel, P. C., Lynne Y. Borsuk*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant*

*District Attorney, Michael J. Bowers, Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.