A98A2305. ANDREWS v. THE STATE.
(511 SE2d 258)

JOHNSON, Chief Judge.

A jury found Gene Autry Andrews guilty of criminal attempt to possess cocaine. He appeals from his conviction, alleging four enumerations of error dealing with the trial court's charge and recharge to the jury. We affirm.

Viewed in a light most favorable to support the jury's verdict, the record shows that Andrews, a former police officer, approached an undercover officer, asked for a "proper dime," and pulled out a $10 bill. The officer showed Andrews a substance that looked like cocaine. Andrews tasted it, but did not like it. The officer then showed Andrews a second piece. Andrews tasted the second piece and did not like the substance, so the officer returned his money, and Andrews walked away. He was arrested as he walked away. The incident was videotaped. The tape was played for the jury.

1. Andrews contends the trial court erred in charging the jury on reasonable doubt. As part of its charge on reasonable doubt, the trial court charged: "A reasonable doubt means just what it says. It is the doubt of a fair-minded, impartial juror honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt, but is a doubt for which a reason can be given arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, or any combination of these." According to Andrews, this charge violates the presumption of innocence because it implies that a reasonable doubt must *arise from* the evidence. He contends that a reasonable doubt exists before any evidence is offered and must be removed by the evidence.

The charge given by the trial court has been upheld by both this Court and the Supreme Court of Georgia. In *Baldwin v. State*, 264 Ga. 664 (1) (449 SE2d 853) (1994), the Supreme Court considered portions of the standard charge not enumerated by Andrews as error. However, the language of the charge given in *Baldwin* and the charge given in the present case is virtually identical. In considering

the charge as a whole, the Supreme Court noted that the concept of reasonable doubt was conveyed repeatedly and accurately to the jury and that the jury was charged properly on the definition of "reasonable doubt." Id. at 665. In *Edwards v. State*, 214 Ga. App. 383, 384 (2) (448 SE2d 51) (1994), we held that the same language properly and specifically defined "reasonable doubt" as an evidentiary standard.

Considering the trial court's charge as a whole, we find no reasonable likelihood that the jury applied a standard of proof less than constitutionally permissible. See *Edwards*, supra. We therefore find no reversible error.

2. Andrews argues that although the trial court charged and recharged the jury on the issue of abandonment of criminal activity, it did not, as part of that charge or recharge, instruct the jury that the state had the burden of disproving his affirmative defense of abandonment.

It is error for the trial court to refuse a request to charge the burden of proof with regard to a defendant's affirmative defense. See *Givens v. State*, 264 Ga. 522, 524 (3) (448 SE2d 687) (1994). However, the record indicates that Andrews did not request the charge in question. Where no request is made, the reviewing court looks to the instructions as a whole to determine whether error was committed. See *Shearer v. State*, 259 Ga. 51, 54 (12) (376 SE2d 194) (1989).

Having reviewed the charge and the recharge as a whole, we conclude that the instructions adequately set out the law of abandonment. See OCGA § 16-4-5 ("Abandonment of effort to commit a crime as an affirmative defense"). In addition, the trial court's charge repeatedly noted that the state had the burden of proving Andrews committed any crime. Andrews' enumerations of error regarding this issue lack merit.

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED JANUARY 28, 1999.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.