## A00A1412. JOHNSON v. THE STATE.
### (538 SE2d 850)

JOHNSON, Chief Judge.

A jury found Marcus Octavious Johnson guilty of aggravated assault. He appeals, raising three issues regarding the trial court's charges to the jury. Because none of the enumerations has merit, we affirm his conviction.

Viewed in a light most favorable to the verdict, the evidence shows that George Walker was in a bar with his common law wife, Mia Green, when she began dancing with Johnson. Moments later, a group of men surrounded Green and began touching and "trying to dance nasty with her." Walker approached the men and told them to stop behaving this way toward his wife. Johnson remarked that Walker was being disrespectful toward him. Walker replied that he meant no offense, but that the men needed to let Green out. As Walker started walking away from the group, someone in the group struck him in the back of the head with a hard object. Walker fell to the floor, and the men hit and kicked him repeatedly, breaking his neck. The attack left Walker permanently paralyzed from the neck down. The state charged Johnson and two other men with aggravated assault.

1. OCGA § 16-5-21 (a) provides that aggravated assault is committed when a person (1) assaults with intent to murder, rape, or rob; (2) assaults with a deadly weapon or with any instrument which, when used offensively against a person, is likely to or actually does cause serious bodily injury; or (3) discharges a firearm from a motor vehicle toward a person.

The state alleged in the indictment that Johnson assaulted Walker "with [his] hands and feet, objects which when used offensively against a person, are likely to and actually do result in serious bodily injury, by striking and kicking [Walker] about the head and body." It is undisputed that the type of assault alleged would come within part (2) of OCGA § 16-5-21 (a).

In its charge to the jury, the trial court recited both parts (1) and (2) of the statute. Johnson contends that the trial court erred in giving this charge because the jury may have convicted him of the alternate manner of aggravated assault, namely, assault with intent to murder. To support his argument, he points to the victim's testimony

that he believed the men were trying to kill him. This argument presents no grounds for reversal.

It is generally not error to charge an entire Code section even though part of that section may be inapplicable to the allegations and the evidence.[1] Error arises, however, if the indictment specifies the commission of a crime by only one of several methods possible under the statute and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment.[2] No such reasonable probability exists in this case.

Here, the trial court read the indictment verbatim to the jury, advising the jury that Johnson was charged with using his hands and feet as objects which, when used offensively against a person, are likely to and actually do result in serious bodily injury. The trial court also instructed the jury that the state has the burden of proving every material allegation of the indictment, and that if the jury found that Johnson committed the crime *as set out in the indictment*, they would be authorized to find him guilty of aggravated assault. Under these circumstances, the trial court properly limited the elements of the crime to those charged in the indictment, and there was no error.[3]

Although in this case we hold that the instruction was not erroneous, we point out that since charging alternate sections of a statute can constitute reversible error, trial judges should be careful not to charge sections of statutes unnecessarily. And in those cases in which extraneous sections are inadvertently charged, the court should be sure to inform the jury that it is to consider the charges as set out in the indictment. Here, that was done.

2. Johnson complains that the trial court erred in failing to instruct the jury as to the circumstances under which hands and feet can constitute deadly weapons. But neither the statute nor the indictment requires the use of a deadly weapon. The applicable section of the statute provides that the assault is committed "[w]ith a deadly weapon *or with any object, device, or instrument* which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[4] The indictment does not charge Johnson with using a deadly weapon, but with using objects, specifically,

---

[1] *Chadwick v. State*, 236 Ga. App. 199, 201-202 (2) (511 SE2d 286) (1999).

[2] Id.; *Roberson v. State*, 241 Ga. App. 226, 230 (2) (526 SE2d 428) (1999) (physical precedent only); *Skillern v. State*, 240 Ga. App. 34, 35 (2) (521 SE2d 844) (1999).

[3] See *Roberson*, supra; *Thomas v. State*, 268 Ga. 135, 141 (17) (485 SE2d 783) (1997). Compare *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999) (reversal required where indictment alleged one method and court charged alternate methods, but did not instruct jury to limit its consideration to the manner specified in the indictment).

[4] (Emphasis supplied.) OCGA § 16-5-21 (a) (2).

hands and feet, which when used offensively are likely to and actually do result in serious bodily injury. Thus, it was not necessary for the court to define the term "deadly weapon." Moreover, Johnson's failure to request such a charge in writing amounts to a waiver.[5]

3. Johnson contends that the trial court erred in giving the following charge on reasonable doubt:

A reasonable doubt means just what it says. It's a doubt of a fair minded, impartial juror, honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt, *but is a doubt for which a reason can be given arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence or any combination of these.*

Johnson urges that the emphasized portion of this charge impermissibly shifts the burden to him to offer evidence and violates the presumption of innocence. As this Court explained in *Andrews v. State*,[6] this language has been upheld as constitutional by the Supreme Court of Georgia. And, considering the trial court's charge in its entirety, we find no reasonable likelihood that the jury applied an improper standard of proof.[7] This enumeration is therefore without merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2000.

*Elizabeth C. Calhoun*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[5] See *Price v. State*, 237 Ga. App. 54, 56 (3) (513 SE2d 40) (1999).
[6] 236 Ga. App. 152 (1) (511 SE2d 258) (1999).
[7] Id. at 153 (1).