A06A0485. OLIVER v. THE STATE.
(629 SE2d 63)

ELLINGTON, Judge.

A Screven County jury found Monroe Oliver guilty of aggravated assault, OCGA § 16-5-21. Oliver appeals from the denial of his motion for new trial, contending he received ineffective assistance of counsel, that the evidence adduced was insufficient to support his conviction, and that the verdict was inconsistent with the crime as charged in the indictment. Finding no reversible error, we affirm.

1. Oliver challenges the sufficiency of the evidence, arguing that the victim's testimony lacked credibility and that several of the State's witnesses made inconsistent statements. He also contends the evidence adduced was insufficient because it did not establish that he committed the aggravated assault as set out in the indictment.

When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. at 318-319 (III) (B). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

Around midnight on March 22, 2001, Oliver and two others ambushed the victim as he walked along a path through his neighborhood, and they beat him severely. The victim testified that Oliver hit him with an oak limb, that one of Oliver's accomplices hit him in the back of the head with what felt like a brick, and that the group

then descended upon him, beating him and kicking him to the ground. The victim testified that during the attack, one of the men hit him in the head with a cinder block after he had fallen to the ground. He testified that Oliver was the only one of his attackers he could identify because Oliver was the one who approached him from the front.

Oliver admitted being present during the assault, but claimed he was just trying to break up a fight between the victim and his cousin, Kary Prescott. The victim and three other witnesses, however, identified Oliver as the attacker. One of these witnesses, co-defendant Jerry Robinson, testified that he, Prescott, and Oliver acted in concert when they beat the victim. Robinson pleaded guilty to aggravated assault.

When the victim managed to escape and call for help, his attackers ran away. Two witnesses observed Oliver as he ran by them. One of these witnesses testified that she also saw the fight. She saw the victim "struggling, trying to fight some guys off." She saw Oliver hit the victim with a piece of wood. After the attack, several people exclaimed that Williams had been attacked by a person called "Mildew." The two witnesses who observed Oliver fleeing the attack testified that they had known Oliver all their lives and knew that Oliver's nickname was "Mildew." Shortly after the attack, Oliver went to a store for bandages to wrap an injured hand. A witness testified that a scar on Oliver's hand was "busted."

Oliver testified in his defense, claiming he was physically incapable of attacking Williams because he had been in a serious car accident on November 11, 2000. He also claimed that the injuries to his hands were not caused by the beating he gave Williams, but were the result of his car accident. Robinson testified that although Oliver had been in an accident and his hands had been injured, Oliver was nevertheless "getting around good."

A person commits the offense of aggravated assault when he assaults with any object, which, when used offensively against a person, is likely to or actually does result in serious bodily injury. OCGA § 16-5-21 (a) (2). The State averred that Oliver committed an aggravated assault by hitting Williams with his fist and a concrete block.

The evidence adduced supports a finding that Oliver intentionally struck Williams with a stick and that either he or one of the other parties to the assault intentionally struck Williams with fists and a concrete block. Although the victim was the only person who testified about having been hit with a concrete block, and he was not sure which of his attackers struck that blow, his testimony is sufficient to establish that he was hit with a concrete block. OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a

fact."). The jury could infer that one of the three men alleged to have been involved in the fight struck the blow. It makes no difference whether Oliver's accomplices, and not Oliver himself, assaulted the victim in the manner alleged in the indictment, because all the State was required to prove was that Oliver and the others acted in concert in committing the crime as indicted. *Culberson v. State*, 236 Ga. App. 482, 483-484 (512 SE2d 367) (1999); OCGA §§ 16-2-20; 16-2-21 (parties to a crime). And the State carried that burden. The testimony of the victim and of the several eyewitnesses supports the jury's verdict that Oliver is guilty beyond a reasonable doubt of aggravated assault as indicted. *Culberson v. State*, 236 Ga. App. at 484.

2. Oliver contends the court erred in giving an instruction on aggravated assault that defined the crime as an assault "with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Oliver argues that it is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment.

As we have held, a criminal defendant's right to due process may be endangered when an indictment charges the defendant with committing a crime in a specific way and the trial court's jury instruction defines the crime as an act which may be committed in another way. *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). Here, the trial court's jury instruction defined aggravated assault as an assault "with any object, device, or instrument," a definition which could have included the stick with which Oliver hit the victim. This could be misleading since the indictment defined the assault as one committed through the use of fists or a concrete block. The court, however, did more than just read the statute defining aggravated assault. It also gave the aggravated assault charge exactly as set forth in the indictment and sent the indictment out with the jury explaining that the indictment would be the jury's guide during its "deliberations as to each count." After giving the general, statutory charge on aggravated assault, the court also instructed the jury that the State must prove "every material allegation of the indictment and every essential element of the crime beyond a reasonable doubt." Thus, assuming the statutory aggravated assault charge was erroneous in this context, the error was cured by the court's instructions. *Dunbar v. State*, 273 Ga. App. 29, 33 (2) (614 SE2d 472) (2005); *Simmons v. State*, 251 Ga. App. 682, 689 (6) (555 SE2d 59) (2001).

3. Oliver contends his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, an appellant must show both that counsel's performance was deficient and that but for this

deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citation omitted.) *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001). Oliver contends his counsel was ineffective in three respects.

(a) Oliver argues that his counsel did not have enough copies of a preliminary hearing transcript and, as a result, failed to effectively impeach the victim and another witness at trial with prior inconsistent statements each made during the hearing. However, the record reveals that counsel did in fact use a transcript to cross-examine the witness on statements she made during the preliminary hearing, bringing out several inconsistencies. Further, it does not appear that counsel's performance was defective because he failed to cross-examine the victim on the inconsistencies urged. Specifically, the victim testified at trial that, during the attack, money disappeared from his pocket, but the victim did not know who took it. In contrast, at the preliminary hearing, the victim said that money disappeared from his pocket and that at one point Oliver snatched $20 from his hand. Cross-examination on these details could have convinced the jury to convict Oliver of the armed robbery charge it ultimately acquitted him of committing. Under such circumstances, we cannot say that counsel's failure to impeach Williams on this point was tactically unsound. See *Schwindler v. State*, 254 Ga. App. 579, 588-589 (10) (563 SE2d 154) (2002) (tactical decisions are virtually unchallengeable and do not amount to ineffective assistance).

(b) Oliver complains that his counsel failed to fully explore how the victim came to identify Oliver as his attacker, and that if he had done so the jury would have discovered that the victim's identification was tainted by what others told him had happened. The record reveals that counsel did pursue this line of inquiry, but that the victim remained steadfast in his identification, an identification that was based upon the victim having seen Oliver's face before the attack and before he heard people say that Oliver, or "Mildew," had attacked him. This claim of ineffective assistance is not supported by the record.

(c) Oliver contends his attorney was ineffective for failing to call Oliver's doctor as a witness to testify that, in the doctor's opinion, "Mr. Oliver would not be physically able to engage in a physical altercation wherein it is alleged he hit or beat an individual with any object which required the use of his right hand." During the motion for new trial, Oliver's counsel testified that he placed the doctor under subpoena

and had him on call. Counsel testified that he and Oliver decided not to call the doctor as a witness. Counsel explained that even though the doctor would testify that Oliver's right hand was injured in the car accident, he would also testify that Oliver was nevertheless capable of engaging in a fight to some extent. Thus, the decision to refrain from calling the doctor as a witness, which was made after consultation with Oliver, was a tactical decision. As we have held, "decisions on which witnesses to call . . . are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not [amount to] ineffective assistance." (Citations omitted.) *Schwindler v. State*, 254 Ga. App. at 589.

For these reasons, the trial court did not err in concluding that Oliver failed to carry his burden of showing ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 23, 2006.

*Hall & Kirkland, Martha-Ann C. Kirkland*, for appellant.
*Richard A. Mallard, District Attorney*, for appellee.