A08A1581. STEVENS v. THE STATE.
(668 SE2d 467)

BERNES, Judge.

A jury found Keith Allen Stevens guilty of false imprisonment and aggravated assault, and the trial court denied his motion for new trial. On appeal, Stevens contends that the trial court erred by allowing the jury to convict him of aggravated assault in a manner not charged in the indictment, and by failing to charge the jury that hands and feet are not deadly weapons per se. Finding no reversible error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Millender v. State*, 286 Ga. App. 331 (1) (648 SE2d 777) (2007). So viewed, the evidence shows that Stevens and the victim were involved in an intimate relationship. Their financial situation was precarious, leading them to move from place to place. In June 2006, Stevens and the victim moved out of a motel room they had occupied and began living together underneath a bridge. That same month, the victim began prostituting herself for money.

On June 30, 2006, Stevens dropped off the victim behind a store for the purpose of prostitution. Stevens was driving a pickup truck owned by the victim. Returning a few hours later, Stevens learned that the victim had made only $10. Enraged, Stevens began striking the victim all over her body as he drove her around in the pickup truck. Stevens then drove to the woods, where he forced the victim out of the truck, beat and kicked her, and threatened to kill her. Later, Stevens drove the victim to a trailer that a friend agreed to let him borrow for the night. After forcing the victim inside, Stevens continued striking and kicking her. The victim did not attempt to escape from the trailer because Stevens told her that if she tried to leave, he would kill her.

The following morning, someone began banging on the trailer door. Stevens ran outside, drove the pickup truck to the back of the trailer, and forced the victim to exit the trailer and get inside the

truck. Stevens then took off down the road as he struck the victim and told her he planned to kill her. When Stevens stopped the truck at a stop sign, however, the victim hit the door handle, fell out of the truck, and fled screaming to a nearby convenience store. According to the store clerk, the victim's "whole body was black and blue" and she was bleeding from the ears when she ran up to the store. The clerk called 911, and Stevens fled from the scene in the pickup truck.

An ambulance arrived and transported the victim to the hospital. The emergency room nurse who evaluated the victim testified that the victim's whole body had been covered with bruises and only between her fingers "could you see that she was Caucasian." An investigator who interviewed the victim at the hospital likewise testified that the victim had "bruising from head to toe" and that "[i]t was the worst [he had] ever [seen]." In addition to the bruises, the victim had multiple lacerations to her head, hands, and fingers. One of the lacerations required stitches. Moreover, the victim's right ear drum had collapsed, and she went into kidney failure. Due to her injuries, the victim had to remain in the intensive care unit for a week.

The police apprehended Stevens in the woods after he was tracked by a dog from the prison K-9 unit. He subsequently was indicted, tried, and convicted of false imprisonment and aggravated assault.[1] The victim, store clerk, emergency room nurse, and responding investigator, among others, testified to the events as set out above. The state also introduced photographs of the victim's injuries. Lastly, Stevens chose to testify and admitted that his argument with the victim "got physical"; that he struck her; that the victim "looked pretty roughed up"; and that the victim's injuries were "pretty bad."

1. Although not enumerated as error, we conclude that the evidence set forth above was sufficient to entitle any rational trier of fact to find Stevens guilty beyond a reasonable doubt of false imprisonment and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-5-21 (a) (2) (aggravated assault by use of an object, which when used offensively against a person, results in serious bodily injury); OCGA § 16-5-41 (a) (false imprisonment).

2. Stevens maintains that the trial court committed reversible error by permitting the jury to convict him of aggravated assault in a manner not charged in the indictment. Tracking the statutory definition of the offense, the trial court charged the jury that an aggravated assault occurs "when [a] person assaults another person

---

[1] Stevens also was indicted and tried on charges of kidnapping and aggravated sodomy, but the jury acquitted him of those two charges.

with a deadly weapon, or with any object, device, or instrument which, when used offensively against a person, *is likely to* or actually does result in a serious bodily injury." (Emphasis supplied.) See OCGA § 16-5-21 (a) (2).[2] The indictment, however, more narrowly averred that the assault committed by Stevens *actually resulted* in serious bodily injury to the victim. As such, Stevens contends that the jury could have convicted him of committing aggravated assault other than in the specific way set forth in the indictment. We are unpersuaded.

"The well-established rule is that a charge citing a code section in its entirety is not error where a portion of the section is applicable so long as it does not appear that the inapplicable part misled the jury." (Citation omitted.) *Davis v. State*, 184 Ga. App. 230, 231 (2) (361 SE2d 229) (1987). Here, the jury received the indictment, and the trial court charged the jury that "[t]he indictment and the plea form the issue that [it was] to decide" and that the state was required to prove beyond a reasonable doubt "every material allegation of the indictment." The trial court further charged the jury that in order to find Stevens guilty of aggravated assault, it would have to "find and believe beyond a reasonable doubt that [Stevens did] . . . commit the offense of aggravated assault as alleged in count four of the indictment." In light of these additional instructions to the jury that confined the aggravated assault charge to the specific portion of the code set out in the indictment, we conclude that the trial court's charge was not misleading. See *Whitaker v. State*, 283 Ga. 521, 527 (6) (661 SE2d 557) (2008); *Oliver v. State*, 278 Ga. App. 425, 427 (2) (629 SE2d 63) (2006); *Dunbar v. State*, 273 Ga. App. 29, 33 (2) (614 SE2d 472) (2005); *Simmons v. State*, 251 Ga. App. 682, 689 (6) (555 SE2d 59) (2001); *Davis*, 184 Ga. App. at 232 (2). Stevens thus has failed to assert a valid basis for reversal.

3. Stevens contends that the trial court erred by failing to charge the jury that hands and feet are not deadly weapons per se. But Stevens failed to request such a charge in writing, and the general rule is that such a failure amounts to a waiver of the issue on appeal. See *Whitaker*, 283 Ga. at 526 (4); *Johnson v. State*, 245 Ga. App. 761, 763 (2) (538 SE2d 850) (2000).

Moreover, the failure to give an unrequested charge constitutes reversible error only when the omission is clearly harmful and erroneous as a matter of law in that the charge

---

[2] OCGA § 16-5-21 (a) (2) provides that "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

that was given fails to provide the jury with the proper guidelines for determining guilt or innocence.

(Citation omitted.) *Whitaker*, 283 Ga. at 526 (4). That is not the case here, where the indictment did not allege that Stevens' hands and feet were deadly weapons,[3] and the jury charge, when read in its entirety, required the jury to find that Stevens committed aggravated assault in the specific manner set forth in the indictment. As such, a jury charge concerning whether hands and feet are deadly weapons per se would not have been adjusted to the facts and circumstances of the case, and so the trial court committed no error in failing to give such a charge. See *Johnson*, 245 Ga. App. at 762-763 (2); *Lubiano v. State*, 192 Ga. App. 272, 275-276 (2) (a) (384 SE2d 410) (1989).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 6, 2008.

*Caleb B. Banks*, for appellant.
*Steven Askew, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.

---

[3] A person commits an aggravated assault under OCGA § 16-5-21 (a) (2) when he assaults another person in one of two alternative ways: either with a deadly weapon *or* "with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." See *Anthony v. State*, 275 Ga. App. 274, 276 (1) (620 SE2d 491) (2005) (noting that OCGA § 16-5-21 (a) (2) "is a disjunctive clause that provides alternative bases for conviction") (footnote omitted).