A93A0812. DOMINICK v. THE STATE.
(433 SE2d 405)

BIRDSONG, Presiding Judge.

Michael L. Dominick appeals from his convictions for aggravated assault and possession of a firearm by a convicted felon. The record shows Dominick was tried for two counts of felony murder (one underlying felony being possession of a firearm by a convicted felon and the other being aggravated assault), two counts of aggravated assault (one on July 22, 1991, and the other on July 25, 1991), and one count of possession of a firearm by a convicted felon. The jury, however, reached a verdict only as to the aggravated assault on July 22 and the count of possession of a firearm by a convicted felon. The trial court declared a mistrial on the remaining counts, and subsequently, Dominick pled guilty to a charge of voluntary manslaughter.

Dominick contends the trial court erred by not recharging the jury on self-defense after being put on notice that the jury found self-defense on the felony murder charges, by not recharging the jury on reasonable doubt after being put on notice that the jury had found

reasonable doubt on the felony murder charge, by erroneously charging on the degree of proof required, and by failing to grant his motion for a severance. *Held*:

1. Because they are based upon the same false premise, Dominick's first two enumerations of error are without merit. The jury merely advised the trial court that it had reached a verdict as to Dominick's guilt as to two counts, but could not reach a unanimous verdict on other counts because of strong feelings regarding self-defense. The jury neither requested recharge on self-defense or reasonable doubt, asked any questions about those issues, nor expressed any doubt or confusion about these issues. Therefore, Dominick's argument that the jury was confused about these issues is without factual support. Further, his reliance on *Gidden v. State*, 205 Ga. App. 245, 248 (422 SE2d 30) is misplaced. *Gidden* does not impose a duty upon the trial judge to sua sponte recharge the jury. On the contrary, in *Gidden* the jury requested a recharge which was denied by the trial court without informing counsel of the request. Nothing in this record suggests that the jury had any confusion, doubt or uncertainty. Although the trial court may sua sponte recharge the jury when it deems it necessary (*Hyde v. State*, 196 Ga. 475, 491 (26 SE2d 744); *Litmon v. State*, 186 Ga. App. 762, 763 (368 SE2d 530)), it is not required to do so absent a request from the jury. *Polley v. State*, 203 Ga. App. 825, 826 (418 SE2d 107). Further, the transcript shows that Dominick neither objected to the procedure used by the trial court nor requested that the jury be recharged. Accordingly, there was no error.

2. Appellant contends the trial court erred by charging the jury that "the State is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation." Relying upon *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339), Dominick asserts that this charge is erroneous because it might allow the jury to convict based upon a moral rather than an evidentiary certainty. Although our own Supreme Court held recently in *Vance v. State*, 262 Ga. 236, 238 (416 SE2d 516) that the better practice is not to use this language, the instant charge is not the charge condemned in *Cage*. In *Cage*, the trial court charged that a reasonable doubt is " 'one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty*, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty*.' " Id. at 342. Considering this charge, the Supreme Court

found that it would allow reasonable jurors to interpret the charge to allow a finding of guilt based upon less than the reasonable doubt standard because it "suggest[s] a higher degree of doubt than is required for acquittal under the reasonable doubt standard," especially when considered with the reference to " 'moral certainty.' " Id.

Considering the charge given in its entirety, we do not find a *Cage* problem. Instead, the charge given relates to the upper limits of the degree of certainty that is imposed upon the State, i.e., not beyond all doubt or to a mathematical certainty. Under the circumstances, we find that the trial court accurately informed the jury of the prosecution's burden of proving Dominick's guilt beyond a reasonable doubt. *Vance*, supra. Further, we find that the court accurately informed the jury that its decision must be based upon the evidence (*Bartlett v. State*, 196 Ga. App. 174, 175-176 (396 SE2d 31)), and not upon moral concepts. *Vance*, supra.

3. The final enumeration of error contends the trial court erred by denying Dominick's motion to sever the felony murder count based upon possession of a firearm by a convicted felon and the possession of a firearm by a convicted felon count from the other counts based upon *Head v. State*, 253 Ga. 429, 431-432 (322 SE2d 228). We find no error. *Head* does not contain an absolute requirement for bifurcation under these circumstances. Rather, *Head* held that charges of possession of a firearm by convicted felons should not be tried with *"unrelated"* other counts. *Head*, supra at 431. Consequently in this case in which the charges all concern the same victim and virtually the same conduct over a period of a few days, we do not find the charges to be "unrelated" within the meaning of *Head*. See *Williams v. State*, 262 Ga. 422, 423 (420 SE2d 301): Defendant charged with malice murder and felony murder of the same victim and possession of a firearm by a convicted felon; *Appling v. State*, 256 Ga. 36, 37 (343 SE2d 684): Defendant charged with malice murder, felony murder, voluntary manslaughter, and involuntary manslaughter of the same victim and possession of a firearm by a convicted felon. Moreover, under the circumstances of this appeal where, based upon the jury's inability to reach a verdict on three of the counts, it is apparent that the jury did not allow the evidence of the prior felony to affect their consideration of the issues, any error in refusing to bifurcate the proceedings was harmless beyond a reasonable doubt. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 1, 1993.

*Richard A. Grossman*, for appellant.

*Lewis R. Slaton, District Attorney, Shawn E. Lagrua, Barry I. Mortge, Assistant District Attorneys,* for appellee.