A94A0446. LEAVER v. THE STATE.
(440 SE2d 760)

BIRDSONG, Presiding Judge.

Stephanie Leaver appeals her judgment of conviction of armed robbery (OCGA § 16-8-41) of Ms. Stark and aggravated assault with intent to rob (OCGA § 16-5-21 (a) (1)) of Ms. Johnson. *Held*:

1. Appellant asserts the trial court erred in denying her motion for directed verdict as to the armed robbery charge on the grounds of insufficient evidence. Appellant, citing, inter alia, *Fitz v. State*, 201 Ga. App. 83 (410 SE2d 186) and *Muckle v. State*, 165 Ga. App. 873 (303 SE2d 54), argues that the circumstantial evidence is insufficient to prove the essential element of "identity." The proper test when sufficiency of the evidence is challenged by the procedure of a motion for directed verdict of acquittal is the reasonable doubt test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889); accord *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367).

The circumstances surrounding the commission of the aggravated assault with intent to rob were virtually identical to the circumstances surrounding the armed robbery. Further, the aggravated assault offense was consummated within 70 days of the armed robbery offense. Both cases occurred on a Sunday afternoon in the same post office near a day care center where appellant worked, the victims were

female and their car keys demanded by a person holding either a gun or a gun that fired blanks, and the perpetrator uttered strikingly similar statements during the commission of these offenses.

Appellant was identified positively as the perpetrator of the aggravated assault offense both at trial and at a pretrial show-up by Ms. Johnson; an independent witness who had walked into the post office when appellant was assaulting Ms. Johnson substantially corroborated this identification. Ms. Johnson testified as to the circumstances surrounding the aggravated assault upon her by appellant.

Ms. Stark testified as to the nearly identical circumstances of the armed robbery committed upon her at the same post office, but she could not positively identify appellant at trial. Although Ms. Stark could not positively identify appellant as the perpetrator of the armed robbery, during her testimony she gave a general description of the female robber. The jury was free to compare Ms. Stark's in-court description with the visible physical features of appellant. Before trial Ms. Stark initially picked out one picture that looked like the perpetrator, but informed the police that the perpetrator had different length hair. Ms. Stark testified that the female who robbed her was armed with some type of revolver; the gun was not recovered. State's Exhibit No. 10, a toy gun, was not similar to the gun used by Ms. Stark's assailant. Detective Legg testified that, when shown a photographic array subsequent to the aggravated assault of Ms. Johnson and before trial, Ms. Stark tentatively identified a photograph of appellant; however, Ms. Stark stated she was only about "half sure" that the photograph was of her assailant.

After proper foundation has been laid, similar transaction evidence may be admitted for numerous legitimate purposes, including that of identity. See generally *Williams v. State*, 261 Ga. 640 (409 SE2d 649); compare *Mincey v. State*, 257 Ga. 500, 505 (7) (360 SE2d 578) where "the State's case being based largely upon circumstantial evidence, the evidence of similar crimes was necessary for the purpose of showing identity and course of conduct." Likewise, the evidence of the circumstances surrounding the commission of the extremely similar aggravated assault offense upon Ms. Johnson, although independently admissible to prove the averments in the aggravated assault charge, was admissible as relevantly bearing on the identity of appellant as the perpetrator of the previous armed robbery of Ms. Stark. The weight to be given this evidence, when coupled with other evidence above discussed, was within the sole province of the jury. The jury found appellant guilty of both offenses.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine wit-

ness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Applying the standard of *Jackson v. Virginia*, supra, as we must (*Wilburn*, supra; *Daras*, supra), and reviewing the transcript in a light most favorable to the jury's verdict, we conclude the record reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of both offenses of which convicted. The trial court did not err in denying the motion for directed verdict. Compare *Cox v. State*, 205 Ga. App. 375 (1) (422 SE2d 68).

2. Appellant, relying, inter alia, on *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550), asserts the trial court erred in denying her request for a lesser included offense charge of robbery to the armed robbery count. Ms. Stark testified that she does not know whether the assailant's gun was pointed directly at her. Her assailant approached, saying she did not want to hurt Ms. Stark; "in her left hand she had a gun and her right hand was extended and she was saying, give me your car keys." When the assailant repeated the demand, she was holding the gun in her left hand, "and she especially was calling my attention to it because it was an up and down motion. She said, I don't want to hurt you. Give me your car keys." Ms. Stark was looking at the gun, as her assailant "repeated her demand . . . waving the gun." She does not know whether the assailant's gun was real or a fake, and she was not prepared to find out. Ms. Stark probably would not have given up her car keys if her assailant had not had the gun.

The lesser offense of robbery was not reasonably raised by the evidence. Rather, the evidence establishes either that appellant committed the crime of armed robbery or no crime at all upon Ms. Stark. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." *Peebles v. State*, 260 Ga. 430, 433 (4) (396 SE2d 229); see *Hambrick v. State*, 174 Ga. App. 444 (2) (330 SE2d 383). Appellant's second enumeration of error also is without merit.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 7, 1994.

*Abbi S. Taylor*, for appellant.

*J. Tom Morgan*, District Attorney, *Robert E. Statham III, Elisabeth G. Macnamara, Robert M. Coker*, Assistant District Attorneys, for appellee.