## A94A0895. DAVIS v. THE STATE.
### (443 SE2d 638)

BLACKBURN, Judge.

Billy Davis was convicted by a jury of armed robbery and burglary. Davis appeals his convictions on several grounds.

1. In his first and second enumerations of error, Davis contends that the trial court erred in its charge on reasonable doubt. Specifically, Davis argues that the trial court's instruction that moral and reasonable certainty was all that could be expected in a legal investigation, coupled with the trial court's charge on reasonable doubt, effectively reduced the State's burden of proof and denied his due process rights.

The trial court charged the jury on reasonable doubt as follows: "No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and to a moral and reasonable certainty. Burden of proof rests upon the state to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. There is no burden of proof upon the defendant whatsoever, and the burden never shifts to the defendant to prove his innocence. However, the state is not required to prove the guilt of the defendant beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that could be expected in a legal investigation. A reasonable doubt means just what it says. It is a doubt of a fair-minded, impartial juror honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt, but it is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence or any combination of these. If, after giving consideration to all of the facts and circumstances of this case, your minds are wavering, unsettled or unsatisfied, then that is a doubt of the law and you should acquit the defendant. But if that doubt does not exist in your minds as to the guilt of the defendant, then you would be authorized to convict him. If the state fails to prove the defendant's guilt beyond a reasonable doubt, it would be your duty to acquit the defendant."

Davis argues that the Georgia Supreme Court in *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992), found error in a charge which

included the phrase "moral and reasonable certainty" in the explanation of reasonable doubt. Although the Court criticized the language used, the Court actually held that "the use of the words 'moral and reasonable certainty' created no reversible error when 'considered in the context of the charge as a whole.' [Cit.]" (Footnote omitted.) Id. at 238. No Georgia court has determined that the charge given herein is constitutionally deficient so as to warrant reversal. See id.; *Hicks v. State*, 262 Ga. 756 (3) (425 SE2d 877) (1993); *Hilliard v. State*, 211 Ga. App. 842 (440 SE2d 729) (1994); *Dominick v. State*, 209 Ga. App. 319 (2) (433 SE2d 405) (1993); *Oliver v. State*, 207 Ga. App. 681 (2) (428 SE2d 681) (1993).

Davis next argues that the combined impact of the United States Supreme Court's decisions in *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990) and *Sullivan v. Louisiana*, ____ U. S. ____ (113 SC 2078, 124 LE2d 182) (1993) require that we find the trial court's charge constituted reversible error. In *Cage*, supra, the Supreme Court determined that a charge instructing that guilt must be found beyond a reasonable doubt, but equating a reasonable doubt to a "grave uncertainty," an "actual substantial doubt," and requiring a "moral certainty" that the defendant was guilty "suggest[ed] a higher degree of doubt than is required for acquittal under the reasonable doubt standard." Id. at 41. However, in *Dominick*, supra, we distinguished the charge given in *Cage*, supra, from the one given in the present case. Therefore, the holding in *Sullivan*, supra, that the *Cage* charge cannot be harmless error is inapplicable to the present case.

2. Davis asserts that the trial court committed reversible error when, during voir dire, it told a prospective juror that the issue in the case was "whether the defendant did it." The record includes a transcript of the voir dire in which a prospective juror questioned her ability to be fair and impartial as the victim was an elderly person. The court, the prosecutor, and Davis' counsel questioned the prospective juror regarding her bias. The trial court stated: "The issue in this case is not whether the elderly woman was attacked or hurt. It's whether the defendant here did it. If you understand. No one was saying she wasn't hurt. So could you in this case listen to the facts as you would hear them from the witnesses and then listen to the law that was given to you and set aside your feelings and render a fair and impartial verdict on the question?" The prosecutor asked: "And now, if the state proved that he did it, would you be able to convict him?" and "And if we were for some reason unable to prove that he didn't do it in meeting our burden of proof, would you be able to find him not guilty?" Although the venire panel might find these statements confusing, it did not rise to the level of harmful error. Furthermore, Davis' counsel failed to object, thereby waiving any error. *Turner v. State*, 208 Ga. App. 728, 729 (431 SE2d 727) (1993).

3. Davis next complains that the trial court "allowed the State to speak for the court" during the State's closing argument when the State incorrectly stated the reasonable doubt jury instruction. This argument is without merit. "[C]ounsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in charge)." (Citation and punctuation omitted.) *Freels v. State*, 195 Ga. App. 609, 611 (394 SE2d 405) (1990). In Division 1 we determined that the court's charge on reasonable doubt was not incorrect and therefore, the State's discussion of it was not incorrect.

4. In Davis' last enumeration of error, he asserts that the trial court erred by allowing the State to attempt to place his character in issue. By his own enumeration Davis admits that the State did not place his character in issue. No harm being shown, this enumeration is without merit. *Goodwin v. State*, 208 Ga. App. 707, 709 (431 SE2d 473) (1993).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1994 —
RECONSIDERATION DENIED MAY 2, 1994 — 

*Megan C. De Vorsey*, for appellant.
*Lewis R. Slaton*, District Attorney, *Suzanne Wynn*, Assistant District Attorney, *Frances E. Cullen*, for appellee.