A94A1145. BROWN v. THE STATE.
(451 SE2d 787)

POPE, Chief Judge.

Defendant Carlos Brown appeals from his conviction for aggravated assault, OCGA § 16-5-21 (a) (2).

Viewed in a light most favorable to the verdict, the evidence showed that defendant was living at the home of his aunt and the victim, Willie Glass. Defendant's aunt and Glass were sitting on the front porch when defendant came home from work and went inside. Defendant came back out and walked behind the building. A few minutes later, defendant returned with a baseball bat shouting at Glass, "Where's my sh___?" Defendant and Glass exchanged words and, as Glass was attempting to walk away, defendant hit him in the head with the bat.

Defendant testified that Glass pulled a knife on him as he was questioning Glass about $500 missing from his room and that he swung the bat at Glass in self-defense.

1. Defendant argues the trial court erred in refusing to allow him to impeach Glass with a certified copy of an indictment showing Glass' guilty plea to burglary. The trial court allowed defendant to impeach Glass with a certified copy of his conviction for involuntary manslaughter. However, when defendant also attempted to impeach Glass with a certified copy of his plea to burglary, the prosecutor objected on the ground that no sentencing sheet was attached to the certified copy of the indictment and plea. The trial court sustained the objection, finding a certified copy of the conviction or judgment was necessary.

We agree with defendant that the trial court erred in refusing to allow him to impeach Glass with a certified copy of the indictment showing Glass' guilty plea to burglary. Numerous cases of both this court and the Supreme Court have held that a certified copy of a witness' plea of guilty to a crime involving moral turpitude is a permissible method of impeachment. *Hicks v. State*, 169 Ga. App. 542 (1) (314 SE2d 113) (1984); see also *Gardner v. State*, 263 Ga. 197, 199 (5) (429 SE2d 657) (1993); *Favors v. State*, 234 Ga. 80, 87 (3) (214 SE2d 645) (1975); *Woodward v. State*, 197 Ga. 60, 70 (8) (28 SE2d 480) (1943); *Sloan v. Glaze*, 72 Ga. App. 415, 418 (4) (33 SE2d 846) (1945). However, in view of the fact that defendant was allowed to impeach Glass with his conviction for involuntary manslaughter and that, in any event, defendant's aunt corroborated entirely Glass' version of the events, we find it "highly probable that the error did not contribute to the judgment." *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. In light of our holding in Division 1 above, we need not address defendant's argument that the trial court erred in denying his request for a continuance to allow him to obtain a certified copy of the sentencing sheet for Glass' burglary conviction.

3. In his last two enumerations, defendant argues the trial court erred in instructing the jury that each element of the crime must be "proven beyond a reasonable doubt and to a moral and reasonable certainty" and that "[m]oral and reasonable certainty is all that can be expected in a legal investigation." Specifically, defendant argues that these charges effectively reduced the State's burden of proof and denied him his due process rights. While the Georgia Supreme Court in *Vance v. State*, 262 Ga. 236 (2), 238 (416 SE2d 516) (1992), criticized a virtually identical charge to that given here, it held that "use of the words 'moral and reasonable certainty' created no reversible error when 'considered in the context of the charge as a whole.' " Furthermore, "[n]o Georgia court has determined that the charge given herein is constitutionally deficient so as to warrant reversal. [Cits.]" *Davis v. State*, 213 Ga. App. 113, 114 (1) (443 SE2d 638) (1994). We thus find this enumeration to be without merit.

Defendant next argues that the United States Supreme Court's decisions in *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990), and *Sullivan v. Louisiana*, 508 U. S. ___ (113 SC 2078, 124 LE2d 182) (1993), require that we find the trial court's charge constituted reversible error. We previously addressed this argument in *Davis* and found it to be without merit. Specifically, we noted that the charge in *Cage* was distinguishable from the one given here and thus found the holding in *Sullivan* that the *Cage* charge cannot be harmless error to be inapplicable. *Davis*, 213 Ga. App. at 114; see also *Ruff v. State*, 212 Ga. App. 245, 246 (2) (441 SE2d 534) (1994).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 29, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994.

*Megan C. De Vorsey, Ronald J. Scholar*, for appellant.

*Lewis R. Slaton, District Attorney, Jamie L. Mack, Vivian D. Hoard, Assistant District Attorneys*, for appellee.