A94A2010. WESTMORELAND v. THE STATE.
(449 SE2d 640)

BIRDSONG, Presiding Judge.

Tony Lee Westmoreland appeals his conviction for sale of cocaine and his sentence to life imprisonment under OCGA § 16-13-31

(b) and (d). The evidence shows that immediately after an undercover agent purchased .2 grams of cocaine from appellant, he alerted back-up officers to come to the area and arrest appellant. By the time those officers arrived, appellant had left the area. The undercover agent, who had carefully observed the seller during the purchase, gave a description of the seller which matched appellant. He later identified appellant from a photograph. Appellant was tried once but a mistrial was declared when the jury could not reach a verdict. At this second trial evidence of similar transactions was admitted. *Held*:

1. Appellant contends the trial court erred when it approved the introduction of "similar transactions" without a proper purpose being submitted by the State prior to ruling on the admissibility of the evidence. We find no factual merit in this enumeration. The State gave notice to defendant of its intention to submit evidence of similar transactions, to wit, two prior offenses of sale of cocaine. The trial court held the required pretrial hearing to determine admissibility of this evidence. See *Williams v. State*, 261 Ga. 640 (409 SE2d 649). Trial defense counsel objected that he was given "no opportunity to cross-examine the witness and bring out facts that may or may not indicate whether those alleged prior offenses are similar and whether or not they are, in fact, priors at all." See, contra, *McGowan v. State*, 198 Ga. App. 575 (1) (402 SE2d 328). The State asserted that it was introducing the evidence to show appellant's modus operandi and to prove identity. The trial court specifically found that identity was in issue in the former trial and held that it was admitting the evidence on the issue of identity. It cannot reasonably be asserted that the State did not submit a "proper purpose" to admit the evidence. Even assuming trial counsel made a proper objection to preserve the error as enumerated on appeal, the trial court's ruling constitutes a finding that a proper purpose was shown by the State to authorize admission of the evidence as similar transactions. See *Johnson v. State*, 204 Ga. App. 453 (419 SE2d 741).

2. The trial court did not fail to limit the purpose for which evidence of similar transactions could be used by the jury.

3. Appellant contends that the sentencing under the mandatory provisions of OCGA § 16-13-30 constitutes cruel and unusual punishment. This challenge to the constitutionality of the statute is raised for the first time on appeal and therefore cannot be considered. *Grice v. State*, 199 Ga. App. 829 (406 SE2d 262). The Supreme Court alone has jurisdiction to determine the constitutionality of any statute and that court has already declared OCGA § 16-13-30 to be not unconstitutional. *Hall v. State*, 262 Ga. 596 (422 SE2d 533).

4. We have reviewed the evidence and find it sufficient to persuade a rational trier of fact of appellant's guilt of this crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560).
*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED OCTOBER 21, 1994.

*Suellen Fleming,* for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellee.