A94A2697. STOVALL v. THE STATE.
(453 SE2d 110)

JOHNSON, Judge.

Michael Stovall appeals his conviction of armed robbery, kidnapping and theft by taking. Ms. Su In Chang and Mr. Leon Chong were entering their room at a motel when they were overpowered by two men and forced into a different room at gunpoint. They were bound with telephone and electrical cords and gagged with torn towels. The men took their money and the keys to Chong's BMW, which they stole. Chong was unable to identify his assailants. A housekeeper at the motel identified Stovall as having been a guest at the motel. Several days after the incident, a BMW bearing the same vehicle identification number as Chong's car was totalled after a high-speed police chase in Ohio. A police officer testified that two men ran from the car following the accident. Later the same day, four miles from the scene of the accident, a man checking into his room at a motel was hit with a rock, tied up with telephone cords and gagged with torn towels. Stovall took the victim's razor and proceeded to shave himself. While shaving, he told the victim that he was in deep trouble in Georgia. He went through the victim's pockets taking what money he could find. He also took the victim's car keys and stole his car.

1. Over hearsay objection, a police officer was permitted to read a statement which he had witnessed being written by Su In Chang at the scene of the crime some 45 minutes after the crime was committed. Stovall asserts that the statement was hearsay because Chang was not present at trial to testify, and therefore, allowing the statement to be read was error. The state argued that the testimony was admissible either as a res gestae exception to the hearsay rule, or out

of necessity because Chang's whereabouts were unknown and prosecution efforts to locate her had been unsuccessful. Because the trial court expressed reservations regarding the unavailability theory after hearing evidence of the state's efforts to locate her, we assume that the trial court's basis for allowing the evidence was as a res gestae exception to the hearsay rule. "A trial court's determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous." (Citations and punctuation omitted.) *Brinson v. State*, 208 Ga. App. 556, 557 (1) (430 SE2d 875) (1993). The evidence was relevant and the statement was made without premeditation. The trial court's decision to admit the evidence under this theory was not clearly erroneous and will not be disturbed on appeal. Contra, *Wilbourne v. State*, 214 Ga. App. 371, 372 (1) (448 SE2d 37) (1994).

Having held that the evidence was properly admitted under a res gestae exception to the hearsay rule, we need not address Stovall's contention based on *Rosser v. State*, 211 Ga. App. 402 (439 SE2d 72) (1993) that the state failed to make all possible efforts to locate the witness and therefore the evidence should not have been admitted under a necessity theory which requires proof that a witness is unavailable. "Georgia law has never required proof of unavailability of the declarant to admit res gestae." *Wilbourne*, supra at 374. A trial court's ruling will be affirmed if it is right for any reason. *Hunt v. State*, 212 Ga. App. 217, 219 (441 SE2d 514) (1994).

2. Stovall asserts that the trial court erred in allowing the police officer to recite the vehicle identification number which he obtained from Chong's insurance card because the testimony was hearsay. The insurance card was not proffered as evidence in the case. We do not agree with Stovall that the vehicle identification number itself was hearsay. The number was being offered as evidence that the vehicle identification number provided by the victim in Georgia matched the vehicle identification number taken from the car in Ohio, which information was provided by the law enforcement agencies there. This tended to show that the vehicle involved in the accident in Ohio was Chong's car. The actual number was irrelevant. The officer could have as easily testified that he took a vehicle identification number off an insurance card and entered it into the National Crime Information Center (NCIC) computer without stating what the number was. Likewise the officer from Ohio could have established that the number on the NCIC computer was the same as the one he found on the car which had been involved in the accident without ever stating what the number was. From that testimony the jury could have inferred that it was the same car. Even though establishing that the car stolen in Georgia was the same car found in Ohio tended to connect Stovall to the similar transaction evidence, it was not essential for that pur-

pose because of the palm print evidence, nor was it essential to prove any of the crimes being tried in this case. Because it was being offered for a purpose other than to show the truth of the content of the card from which the number was taken, it was not hearsay. Further, as it was not essential to prove the state's case, even if there was error in its admission the error was harmless. See *Henry v. State*, 154 Ga. App. 120, 122 (3) (267 SE2d 653) (1980).

3. Stovall argues that the trial court erred in permitting evidence of a similar transaction in Ohio because there was no evidence that Stovall committed that crime. "Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that appellant was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Watkins v. State*, 206 Ga. App. 701, 703 (1) (b) (426 SE2d 238) (1992). During the state's proffer of the evidence, the victim of the robbery in Ohio testified that he had been unable to pick Stovall out of a photographic lineup, but identified him in court. The trial court refused to allow an in-court identification to be made in the jury's presence, noting: "He's not going to come in this court room, three years later and pick out the only black person in a room sitting at the defense table and make an identification." Even without the in-court identification, which we believe was correctly excluded under the circumstances, there was sufficient evidence tying Stovall to the crime. A member of the housekeeping staff of the motel in Ohio testified that someone had broken into an unoccupied room and had apparently been sleeping in the bathtub. An evidence technician from the Mansfield Ohio Police Department testified that a palm print lifted from the bathtub in that room positively matched Stovall's. There was sufficient evidence establishing that Stovall was the perpetrator of the similar offense. See *Leaver v. State*, 211 Ga. App. 876, 877 (1) (440 SE2d 760) (1994). In both of these incidents a motel guest was violently pushed into a room, bound with cords and gagged with torn towels. In both instances, all of the victims' money was taken, as well as the keys to cars, which were ultimately stolen. The crimes were sufficiently similar that proof of the robbery in Ohio tended to prove the offenses charged in this case. The trial court did not err in allowing the evidence.

4. Stovall's assertion that the evidence is insufficient to sustain his conviction is without merit. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Corey v. State*, 211 Ga. App. 333 (1) (439 SE2d 513) (1993).

5. Stovall enumerates as error the trial court's failure to charge the jury on false imprisonment as a lesser included offense of kidnap-

ping. "In *State v. Alvarado,* 260 Ga. 563, 564 (397 SE2d 550), the Georgia Supreme Court expressly disapproved of that line of authority which had held that a lesser-included offense need not be charged unless the evidence showed that the defendant was guilty *only* of the lesser crime, and held that the correct rule is that a written request to charge a lesser included offense must *always* be given if there is *any* evidence that the defendant is guilty of the lesser offense." (Emphasis in original; citation and punctuation omitted.) *King v. State,* 214 Ga. App. 311, 312 (2) (447 SE2d 645) (1994). False imprisonment is a lesser included offense of kidnapping. *Raysor v. State,* 191 Ga. App. 422, 423 (2) (382 SE2d 162) (1989). However, under the evidence presented at trial, there is no support for a theory that the victims were falsely imprisoned without having been asported into a motel room. There is not any evidence that Stovall is guilty of the lesser included offense. "The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense. [Cit.]" *Edwards v. State,* 264 Ga. 131, 133 (442 SE2d 444) (1994). Therefore, the trial court's refusal to give the requested charge on false imprisonment was not error.

6. Stovall's assertion that the trial court's charge to the jury on moral and reasonable certainty constitutes error has repeatedly been held to be without merit. See *Brown v. State,* 215 Ga. App. 544 (451 SE2d 787) (1994); *Lloyd v. State,* 214 Ga. App. 564 (448 SE2d 729) (1994); *Pilcher v. State,* 214 Ga. App. 395, 396-397 (1) (448 SE2d 61) (1994).

7. Stovall asserts that his life sentence violates the sentencing mandates of OCGA § 17-10-1 (a) (1) as it existed on the date the crime was committed. On December 29, 1991, the statute, in pertinent part provided: "Except in cases in which life imprisonment or the death penalty *must* be imposed . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years. . . ." (Emphasis supplied.)[1] Stovall argues that at the time the crime was committed a life sentence was not mandatory. Therefore, the judge was constrained to sentence Stovall to a specific number of months or years. OCGA § 16-8-41 (b) specifies that an armed robbery conviction shall be punishable by death or imprisonment for life or by imprisonment for not less than five nor more than twenty years. Even if we concede that reading OCGA § 16-8-41 (b)

---

[1] The statute was amended in 1993 so that it now provides: "Except in cases in which life imprisonment, life without parole, or the death penalty *may* be imposed . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years. . . ." (Emphasis supplied.)

and OCGA § 17-10-1 (a) (1) (as it existed at the time) together creates an ambiguity, the specific statute will prevail over the general statute, absent any indication of a contrary legislative intent. *First Nat. Bank of Atlanta v. Sinkler*, 170 Ga. App. 668, 670 (1) (317 SE2d 897) (1984). OCGA § 16-8-41 (b) creates a sentencing scheme specifically for the offense of armed robbery, whereas the former (as well as the now amended) OCGA § 17-10-1 (a) (1) related to sentencing generally. Therefore in resolving any ambiguity we look to the more specific Code section and hold that Stovall's life sentence was legitimate. See also *Williams v. State*, 214 Ga. App. 421, 422 (4) (447 SE2d 714) (1994).

8. Finally, Stovall argues that the trial court erred in denying his motion to suppress evidence obtained in a warrantless search of room 214 of the motel, a room located directly across the hall from the room in which the crimes were committed. "On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous." (Citation and punctuation omitted.) *Furfano v. State*, 212 Ga. App. 472 (1) (442 SE2d 305) (1994). Evidence presented at the motion to suppress hearing established that room 214 had been rented to two men who fit the victims' descriptions of their assailants. At approximately 4:00 a.m., almost seven hours after the crimes were committed, the motel manager opened the door to the room and saw no luggage or other signs of occupancy, after which the police entered the room and gathered evidence. The trial court relied on *State v. Johnston*, 171 Ga. App. 224 (319 SE2d 83) (1984) in determining that the motel manager had authority to open the door to the room. After hearing evidence, the trial court agreed with the manager's conclusion that the room had been abandoned and concluded Stovall no longer had any expectation of privacy with respect to the room. Relying on *Buttrum v. State*, 249 Ga. 652, 653 (2) (293 SE2d 334) (1982), the trial court denied the motion to suppress. The trial court's determination that the room had been abandoned was not clearly erroneous and therefore the application of *Buttrum*, supra, to the facts of this case was not error.

*Judgment affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED JANUARY 11, 1995 —
RECONSIDERATION DENIED JANUARY 24, 1995 —

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, Karen E. Reed, Assistant*

*District Attorney,* for appellee.