A98A2340. KENNEY v. THE STATE.
(511 SE2d 923)

BARNES, Judge.

A jury convicted Joshua Kenney of two counts of armed robbery. On appeal, Kenney challenges the sufficiency of the evidence against him, the constitutionality of his mandatory 15-year sentence, and several evidentiary rulings. We affirm the convictions.

Construed in favor of the jury's verdict, the evidence shows that two tourists were riding a MARTA train headed east from the Five Points station. The robber held a gun to one victim's face, screamed at him and took his wallet, then took his companion's wallet. The robber left the car with another young man who had been standing nearby.

A few minutes later, a MARTA bus driver flagged down a city police officer, who had noticed two young men running, and reported to the city officer that MARTA officers were pursuing two men. The police officer quickly located and held the two men while a MARTA officer retraced their tracks and recovered a gun at the base of a nearby bush. A witness from the train identified Joshua Kenney as the gunman. One of the victims positively identified Sirajuddin Qadir as the "lookout,"[1] and Qadir gave police a written statement that also identified Kenney as the gunman.

1. Kenney argues that the evidence was insufficient to convict him, asserting that the only evidence implicating him in the robberies was the uncorroborated testimony of Qadir. Thus, he argues, his convictions should be overturned pursuant to OCGA § 24-4-8. However, a former MARTA detective testified without objection that a witness to the robbery gave a statement positively identifying Kenney as the gunman. This testimony corroborates Qadir's testimony, and whether it was sufficient for a conviction was for the jury to determine. See *Slaughter v. State*, 227 Ga. App. 739 (490 SE2d 399) (1997); *Moore v. State*, 224 Ga. App. 797 (481 SE2d 892) (1997). With that corroboration, the evidence was sufficient for a rational trier of

---

[1] Sirajuddin Qadir was convicted of four counts of armed robbery in a trial from which Joshua Kenney was severed. Those convictions were affirmed in *Qadir v. State*, 235 Ga. App. 884 (510 SE2d 362) (1998).

fact to find Kenney guilty of two counts of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kenney contends that the admission of a res gestae statement violated his right under the Sixth Amendment of the United States Constitution to confront his accuser. However, we find no merit in this contention, as both this Court and the United States Supreme Court have specifically rejected this argument. See *White v. Illinois*, 502 U. S. 346 (112 SC 736, 116 LE2d 848) (1992); *Barnett v. State*, 211 Ga. App. 651 (440 SE2d 247) (1994). Further, despite Kenney's contention to the contrary, Georgia law has never required proof of the declarant's unavailability to admit res gestae. See *Stovall v. State*, 216 Ga. App. 138 (453 SE2d 110) (1995).

3. Kenney argues that his trial counsel should have been allowed to ask Qadir, who had been convicted but not sentenced, the minimum amount of time he could serve for armed robbery. The trial court initially told defense counsel he could not question Qadir at all about his possible penalty, but later advised counsel that he could ask Qadir only about his possible maximum, not minimum, sentence. We find no abuse of discretion in the trial court's limitation of defense counsel's cross-examination. See *Wand v. State*, 230 Ga. App. 460 (496 SE2d 771) (1998); *Cantrell v. State*, 225 Ga. App. 680, 681 (484 SE2d 751) (1997). The trial court allowed defense counsel to fully explore whether the witness had struck a deal with the prosecution in exchange for his testimony or whether he had any other bias that might affect his testimony.

4. Kenney asserts that the trial court erred in allowing Qadir's clothing to be entered into evidence because the State failed to prove chain of custody. We disagree, because "[u]nlike fungible items, distinct physical objects which are identified upon observation require no custodial proof for admission into evidence at trial." *Pryor v. State*, 231 Ga. App. 136, 137-138 (5) (497 SE2d 805) (1998) (holding chain of custody not required for ski mask and hood).

5. Kenney argues that the trial court erred in sentencing him to serve 15 years. He asserts that OCGA § 17-10-6.1 (c) (3), which provides that armed robbery convicts are not eligible for parole, is unconstitutional as applied to juveniles tried as adults. This challenge to the constitutionality of the statute is raised for the first time on appeal and, therefore, cannot be considered. *Westmoreland v. State*, 215 Ga. App. 21 (449 SE2d 640) (1994); *Grice v. State*, 199 Ga. App. 829 (406 SE2d 262) (1991).

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1999.

*Paul J. McCord*, for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Barbara B. Conroy, Assistant District Attorneys*, for appellee.