A03A1471. MIZE v. THE STATE.
(585 SE2d 913)

JOHNSON, Presiding Judge.

This appeal from criminal convictions challenges the admission into evidence of statements made by the victim to the police and the sufficiency of the evidence. The challenges are without merit, so we affirm the convictions.

On September 3, 1998, a police officer went to a home in Buford

to investigate a domestic violence call. When he arrived at the home, the officer encountered David Mize, who appeared to be inebriated. As the officer spoke with Mize outside the residence, Mize's wife, Martha Mize, came out of the home. Her face was covered in blood, and her right arm was injured. She told the officer that Mize had beaten her. At that point the officer arrested Mize and called for paramedics to come to the scene.

Paramedics arrived in an ambulance. They treated Ms. Mize and advised her to go to the hospital. She refused to go to the hospital with the paramedics, saying that she wanted to wait for her daughter to come to the home.

While waiting for the daughter to arrive, the officer spoke with Ms. Mize about the incident. She again told the officer that her husband had attacked her. She said that he had punched her with his fists, dragged her by her hair, pointed a gun at her, and beat her with a car washing brush. The officer then asked her to write a statement about the incident.

She wrote that her husband had been drinking alcohol, and they got into an argument when she confronted him about his drinking. He became violent and started beating her. She tried to call the police, but he pulled the phone out of the wall. He dragged her by the hair down a hallway to their bedroom. She got away and ran to the bathroom, where he threw her into the tub and choked her. He again dragged her by the hair to their bedroom and threatened her with a shotgun. He then forced her out of the house and to their truck. He laid down the gun and began beating her with a car washing brush. She got away from him and ran to her landlord's house, and the landlord called the police.

As Ms. Mize was writing her statement, the officer investigated the scene. He discovered that telephones in the bedroom and living room had been disabled, a vase containing flowers lay broken on the living room floor, and the footboard of a bed was broken off. The officer did not find a gun, but did find a brush for washing car tires.

After the officer finished investigating the scene, Ms. Mize's daughter arrived, and Ms. Mize went to the hospital. There, Ms. Mize told an emergency room nurse that she had been beaten. The nurse saw that Ms. Mize had multiple contusions, abrasions, and lacerations on her face and abdomen. She also had a crooked nose and what appeared to be a human bite mark on her right forearm. A doctor examined her and found that she had a broken nose and broken right forearm.

Mize was indicted on charges of aggravated assault for beating his wife with the car washing brush, aggravated battery for breaking her nose and arm, and false imprisonment for detaining her during the attack. He pled not guilty to the charges, and was tried before a

jury. The jurors found Mize guilty of false imprisonment and aggravated battery. They did not find him guilty of aggravated assault, but found him guilty of the lesser offense of simple assault. The trial court sentenced Mize to serve five years in confinement followed by fifteen years on probation. Mize appeals.

1. Mize contends that the trial court erred in allowing the police officer to testify about the statements made by Ms. Mize at the scene on the basis that they were part of the res gestae. This court will not disturb a trial court's determination that evidence is admissible as part of the res gestae unless it is clearly erroneous.[1] In *Lewis v. State*,[2] the victim's statement to police was made approximately one hour after the crime and was properly admitted as part of the res gestae. And in *Stovall v. State*,[3] a statement given 45 minutes after the crime was admissible as part of the res gestae.

In the instant case, Ms. Mize gave her written statement about the crimes one-half hour to an hour after the officer arrived at the scene, and she had made her oral statements prior to giving that written statement. The officer also testified that when the bloodied Ms. Mize initially stated that her husband had beaten her, she appeared nervous and scared. Given Ms. Mize's physical and emotional state at the time of the incident, as well as the fact that she made her statements shortly after the officer arrived, we find that the statements were relevant and made without premeditation.[4] The trial court's determination that the statements were part of the res gestae was thus supported by some evidence and was not clearly erroneous. Accordingly, the trial court's determination will not be disturbed.

2. Mize argues that because his wife did not testify at trial, the only evidence implicating him was the inadmissible hearsay testimony by the officer about his wife's statements at the crime scene, and such hearsay has no weight. But in light of our holding in Division 1 that evidence of the victim's statements was admissible as part of the res gestae, the argument is without merit. Moreover, Ms. Mize's physical injuries and the damaged property inside the house corroborated her statements describing the assault by Mize. Having reviewed all the evidence in the light most favorable to the verdict, we find sufficient evidence from which the jury was authorized to find Mize guilty beyond a reasonable doubt of false imprisonment, aggravated battery, and simple assault.[5]

---

[1] *Lewis v. State*, 249 Ga. App. 812, 814 (2) (549 SE2d 732) (2001).
[2] Id.
[3] 216 Ga. App. 138-139 (1) (453 SE2d 110) (1995).
[4] See id. at 139.
[5] See id. at 140 (4).

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JULY 23, 2003.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.