## A03A1958. WHITE v. THE STATE.
### (592 SE2d 905)

RUFFIN, Presiding Judge.

A jury found Joseph Alexander White guilty of simple battery and obstruction of a law enforcement officer. White appeals, arguing that the trial court erred in admitting certain hearsay evidence as part of the res gestae exception. For reasons that follow, we affirm.

Res gestae — that grand octopus of the law, which stretches its clinging tentacles to anything and everything a party says during the commission of an act, or so near thereto — has been both a reliable and unreliable exception to the hearsay rule. In the instant case, we must examine the underlying facts and apply the appropriate standard of review to determine whether the res gestae evidence was properly admitted. Under OCGA § 24-3-3, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." A trial court's determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous.[1]

---

[*] *State v. Marlowe*, 277 Ga. 383, 387 (3) (589 SE2d 69) (2003).
[1] *Park v. State*, 230 Ga. App. 274, 279 (495 SE2d 886) (1998).

Viewed in this manner, the record shows that Detective Wilkerson of the Gwinnett County Police Department was working as a patrol officer when he was dispatched to an apartment complex to handle an alleged kidnapping. When Wilkerson arrived at the apartment, he knocked on the door and identified himself as a police officer. Holly Williams, the victim, came to the door. She was visibly shaken, and her face was red, swollen, and puffy. Wilkerson observed red marks around her neck. She screamed that White had just left through the back window.

Wilkerson asked her what happened, and she told him that she had gotten several phone calls from White telling her to come pick him up in her car, and that White later came to her mother's house and forced her and her children to get into the car. She drove him to her apartment, and when they got there he ordered her into the bedroom. He grabbed her by the neck and threw her down. He threatened to hit her several times. During this encounter, she got a call on her cell phone, and the person on the other end of the line called the police.

About 30 minutes after he was dispatched to the scene, Wilkerson asked Williams to give him a written statement of the events she had described to him. She was still visibly shaken and had a swollen face. The written statement basically repeats the events as they were relayed verbally to Wilkerson. Wilkerson read this statement to the jury. Williams did not testify.

White argues that the trial court erred in admitting both the officer's testimony regarding the victim's oral statements and her written statement as a res gestae exception to the hearsay rule. We disagree. Here, the record shows that the victim gave her written statement about 30 minutes after the police were dispatched, and that she had made her oral statements prior to giving her written statement. The officer also testified that she was visibly shaken and had red marks on her neck when she told him that White pushed her down and threatened her. Given the victim's physical and emotional state at the time of the incident, as well as the fact that she made her statements shortly after the officer arrived, we find that the statements were relevant and made without premeditation.[2] Accordingly, the trial court did not err in determining that this evidence was part of the res gestae.[3]

White also argues that the trial court erred because the State failed to show that the declarant was unavailable. However, "Georgia

---

[2] See *Mize v. State*, 262 Ga. App. 486, 488 (1) (585 SE2d 913) (2003); see also *Stovall v. State*, 216 Ga. App. 138-139 (1) (453 SE2d 110) (1995).

[3] See id.

law has never required proof of the declarant's unavailability to admit res gestae."[4]

Finally, White argues that the admission of the res gestae evidence violated his Sixth Amendment right to confront his accuser. However, we find no merit in this contention, "as both this Court and the United States Supreme Court have specifically rejected this argument."[5]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 9, 2004.

*Robert R. McNeill*, for appellant.

*Daniel J. Porter, District Attorney, Mary E. Leonard, Assistant District Attorney*, for appellee.

---

[4] *Kenney v. State*, 236 Ga. App. 359, 360 (2) (511 SE2d 923) (1999).

