## S07A0446. KIMBROUGH v. THE STATE.
(644 SE2d 125)

THOMPSON, Justice.

A jury convicted Benny Kimbrough of murder and other offenses arising from the strangulation death of Ramatoulie Demba.[1] On appeal, Kimbrough asserts that the trial court erred in admitting evidence of an independent crime. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence established that Demba was last seen alive when she went shopping with a friend on July 7, 2004. Four days later, friends went to check on Demba because they were unable to reach her by phone. When they found the back window of her house had been broken, they summoned police who discovered her decaying body in a pool of blood on the kitchen floor. Demba, a Gambian national, had been strangled with her African headdress.[2]

The police also found a bloody paper towel on the living room floor and observed that Demba's car and furniture were missing. Demba's vehicle was located in the possession of Franklin Hudson; Hudson stated that Kimbrough loaned him the car in exchange for crack cocaine. When the police located Kimbrough, they observed cuts on his hands. Kimbrough's DNA was identified on the bloody paper towel found in Demba's living room, his fingerprints were on a jewelry box in her bedroom, and his blood and fingerprints were found on receipts located in her vehicle. Other witnesses testified that Kimbrough had attempted to sell several items stolen from Demba's home, including a television, camera, jewelry, and an African-style dress.

1. The evidence was sufficient for a rational trier of fact to conclude that Kimbrough was guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kimbrough contends the trial court erred in admitting evidence of an independent crime because of insufficient similarity between the prior act and the charged crimes, and because testimony

---

[1] The crimes were committed on July 7, 2004. A grand jury indicted Kimbrough on February 24, 2005, charging him with malice murder, felony murder (two counts), burglary (two counts), aggravated assault, and theft by taking a motor vehicle. Trial commenced on February 13, 2006, and a jury found Kimbrough guilty as charged on February 20, 2006. The trial court sentenced Kimbrough on March 7, 2006 to life without parole for murder under OCGA § 17-10-7 (b) (2), and ten years to run consecutively for theft by taking. Kimbrough was granted leave to file an out-of-time appeal on October 24, 2006. A notice of appeal was filed on November 15, 2006. The case was docketed in this Court on November 29, 2006 and submitted for a decision on briefs on January 22, 2007.

[2] According to the medical examiner, Demba was strangled three or four days prior to the July 12, 2004 autopsy.

of the investigating detective who described the facts of the prior crime included inadmissible hearsay.

The trial court conducted a pretrial hearing to determine the admissibility of the independent act evidence pursuant to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and Uniform Superior Court Rule 31.3 (B). Through the State's proffer it was established that in 1994 in Florida Kimbrough broke into a woman's home at night through a back window, carried the woman into a bedroom, hit her on the head, and stole her personal items, including her car. As a result, Kimbrough pled guilty to kidnapping, robbery, burglary with assault, and grand theft of a motor vehicle. The State sought to introduce the evidence for the purpose of showing modus operandi, bent of mind, and course of conduct, and tendered a certified copy of the Florida guilty plea at trial. The trial court determined that the State's proffer satisfied the admissibility requirements of *Williams*, supra, and it allowed the evidence to be introduced at trial.

(a) In determining whether crimes are sufficiently similar, the proper focus is on the similarities between the prior act and the charged crime, not the differences. *Farley v. State*, 265 Ga. 622, 624 (458 SE2d 643) (1995). Here the facts were strikingly similar to the charged crimes because in both cases Kimbrough invaded a woman's home at night through a back window, attacked the woman, stole her personal items, and left in her car.

(b) A Florida detective who responded to the 1994 crime scene testified at trial about his investigation, including the account of the attack as related to him at the scene by the 81-year-old victim (the elderly victim died before Kimbrough's Georgia trial). Kimbrough asserts that the detective should not have been permitted to testify to the victim's account of the crimes because the testimony constituted inadmissible hearsay.[3] Assuming arguendo that the victim's description of the crimes was hearsay, it was clearly admissible as part of the res gestae of the crime. See OCGA § 24-3-3; *White v. State*, 265 Ga. App. 117 (592 SE2d 905) (2004).[4]

We agree with the trial court that the State carried its burden of establishing it would introduce the evidence for an appropriate purpose, that the accused committed the independent offense, and that there is sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams*, supra at 642 (2) (b). Accordingly, the trial court's

---

[3] Evidence of the Florida incident was also established through the personal observations of two investigating detectives, the Florida indictment, and the certified copy of Kimbrough's counseled plea of guilty to the crimes.

[4] There is no contention that the evidence was inadmissible under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004); therefore, we make no such determination.

ruling will not be disturbed on appeal. See *Collum v. State*, 281 Ga. 719, 723 (4) (642 SE2d 640) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Anece B. White, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.