**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 4, 2025**

# In the Court of Appeals of Georgia

A24A1792. BAUGHNS v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial on a multi-count indictment, Joseph Baughns was convicted of possession of a firearm by a convicted felon and acquitted of all other charges. He appeals, challenging the trial court's denial of his motion to bifurcate that firearm offense and a felony murder charge predicated on it from the other counts in the indictment. Because Baughns has failed to show that the trial court erred in denying the motion to bifurcate or that he was harmed by the ruling, we affirm.

1. *Facts and procedural posture*

Baughns was indicted on multiple charges arising from his fatal shooting of the alleged victim. The indictment included one count of malice murder; two counts of

felony murder, with one count predicated on possession of a firearm by a convicted felon and the other count predicated on aggravated assault; one count of possession of a firearm by a convicted felon based on Baughns' prior felony drug conviction; one count of aggravated assault; and three counts of possession of a firearm during the commission of a felony. Baughns filed a pre-trial motion to bifurcate the count for felony murder based on possession of a firearm by a convicted felon and the count for possession of a firearm by a convicted felon from the other counts in the indictment. The trial court denied the motion to bifurcate, and the case proceeded to a jury trial. The jury found Baughns guilty of possession of a firearm by a convicted felon, but found him not guilty on all other counts. The trial court imposed a seven-year sentence and denied Baughns' motion for new trial. This appeal followed.

2. *Denial of motion to bifurcate*

Baughns contends that his conviction must be reversed because the trial court committed harmful error in denying his motion to bifurcate the felony-murder and felon-in-possession-of-a-firearm counts from the rest of the counts in the indictment. We disagree.

As our Supreme Court has held, "a trial court does not err in denying a motion to bifurcate a felony-murder count from the rest of a defendant's trial, where the felony-murder count is predicated on a felon-in-possession-of-a-firearm charge and the defendant is charged with both felony murder and malice murder of the same victim." *Charles v. State*, 315 Ga. 651, 659 (4) (884 SE2d 363) (2023). Likewise, "a trial court does not err in refusing to bifurcate the charge of possession of a firearm by a [convicted felon] where, as here, the possession charge was an underlying felony to a murder count of the indictment." *Tabor v. State*, 315 Ga. 240, 247 (2) (a) (882 SE2d 329) (2022) (citation and punctuation omitted). See also *Hayes v. State*, ___ Ga. ___ (5) (Case No. S24A1354, decided December 10, 2024) ("when the felon-in-possession count serves as the predicate offense for felony murder, the trial court should deny the motion to bifurcate") (citation and punctuation omitted); *Poole v. State*, 291 Ga. 848, 850 (2) (734 SE2d 1) (2012) ("a motion to bifurcate should be denied where the count charging possession of a firearm by a convicted felon might serve as the underlying felony supporting a felony murder conviction").

In the instant case, because "one of the counts of felony murder was based on the felon-in-possession firearm charge (and the indictment also charged malice

murder), the trial court did not err when it denied [Baughns'] motion to bifurcate the trial." *Brown v. State*, 295 Ga. 804, 807-808 (3) (764 SE2d 376) (2014). Moreover, given that the jury acquitted Baughns on all counts other than the felon-in-possession-of-a-firearm count, "it is apparent that the jury did not allow the evidence of [his] prior felony [drug conviction] to affect their consideration of the issues, [so] any error in refusing to bifurcate the proceedings was harmless beyond a reasonable doubt." *Dominick v. State*, 209 Ga. App. 319, 321 (3) (433 SE2d 405) (1993). See also *Hayes*, supra at ____ (5) ("pretermitting whether the trial court erred in denying Appellant's motion to bifurcate, we conclude any such error was harmless").

*Judgment affirmed. Mercier, C. J., and Rickman, P. J., concur.*